No. 99-001

IN THE SUPREME COURT OF THE STATE OF MONTANA

1999 MT 306N

IN RE THE MARRIAGE OF

BOBBI JO HACKMANN,

f/k/a BOBBI JO BELLANGER,

Petitioner and Respondent,

and

LELAND H. BELLANGER,

Respondent and Appellant.

APPEAL FROM: District Court of the Seventh Judicial District,

In and for the County of Richland,

The Honorable Richard G. Phillips, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Loren J. O'Toole, II; O'Toole & O'Toole, Plentywood, Montana

For Respondent:

Phillip N. Carter, Attorney at Law, Sidney, Montana

_____

Submitted on Briefs: July 22, 1999

Decided: December 7, 1999

Filed:

_____

Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

1. ¶ Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent but shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Cgourt cause number, and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

2. ¶ Leland H. Bellanger (Leland) appeals from the judgment of the District Court for the Seventh Judicial District, Richland County, dissolving his marriage to Bobbi Jo Bellanger (Bobbi Jo) and dividing their marital assets and liabilities. We affirm.

3. ¶ We restate the sole issue on appeal as whether the District Court's allocation of the parties' assets and liabilities in dividing the marital estate constituted an abuse of discretion. Leland's notice of appeal states that he is appealing from the District

Court's August 13, 1998 judgment. The District Court's Findings of Fact, Conclusions of Law and Decree of Dissolution of Marriage were actually filed on August 7, 1998, but we interpret the notice of appeal as referring to that judgment rather than the order denying Leland's motion to alter or amend judgment pursuant to Rule 59(g), M.R.Civ.P. The record reflects that Leland did not file a notice of appeal from the Order denying his Rule 59(g) motion dated October 9, 1998. Rule 4 (c) of the Montana Rules of Appellate Procedure requires that the notice of appeal "shall designate the judgment, order or part thereof appealed from." We will not construe an appeal as encompassing an order not designated in the notice of appeal. *See* State v. Spotted Blanket, 1998 MT 59, ¶ 12, 288 Mont. 126, ¶ 12, 955 P.2d 1347, ¶ 12 (citing State v. Delap (1989), 237 Mont. 346, 350_51, 772 P.2d 1268, 1271). We therefore do not consider whether the District Court properly denied Leland's Rule 59(g) motion.

## Standard of Review

4. ¶ We review a district court's division of marital property to determine whether the findings of fact are clearly erroneous. If substantial credible evidence supports the court's findings and judgment, we will not change the district court's decision unless the court abused its discretion. *See* In re Marriage of Smith (1995), 270 Mont. 263, 267-68, 891 P.2d 522, 525 (citation omitted). In a marriage dissolution proceeding, the test for an abuse of discretion is " 'whether the trial court acted arbitrarily without employment of conscientious judgment or exceeded the bounds of reason resulting in substantial injustice.' " *See* In re Marriage of Meeks (1996), 276 Mont. 237, 242, 915 P.2d 831, 834 (citations omitted). Property valuation is a factual issue within the province of the trial court. When reviewing findings of fact, we do not set aside findings of a court sitting without a jury unless the findings are clearly erroneous. *Marriage of Meeks,* 276 Mont. at 247-48, 915 P.2d at 838.

## Factual and Procedural Background

5. ¶ Bobbie Jo and Leland were married in Daniels County, Montana in 1994. They separated in 1997 and Bobbi Jo petitioned for dissolution of the marriage. After a hearing, the District Court issued its Findings of Fact, Conclusions of Law and Decree of Dissolution of Marriage. Leland subsequently moved the court to alter or amend the judgment pursuant to Rule 59(g) of the Montana Rules of Civil Procedure. The District Court denied Leland's motion after briefing by both parties.

Leland appeals from that portion of the Findings of Fact, Conclusions of Law and Decree of Dissolution dividing the parties' assets and liabilities.

## Discussion

6. ¶ Did the District Court's allocation of the parties' assets and liabilities in dividing the marital estate constitute an abuse of discretion?

7. ¶ The District Court's allocation of assets and liabilities between Leland and Bobbi Jo was set forth in the court's Exhibit B, which was incorporated by reference into the court's findings of fact. Leland contends that the court abused its discretion in omitting his $29,680 debt to Larrie and Karen Smith (Smith debt), his $25,000 debt to Bliss Farms (Bliss Farms debt), and his $10,000 debt to Commodity Credit Corporation (Commodity Credit debt) from Exhibit B. He further contends the court abused its discretion in valuing Leland's swather at $10,000 and in allocating a $10,000 truck and corresponding $9,351.24 truck debt to Leland. Leland claims that as a result of these omissions and overstatements, his net worth was overvalued.

8. ¶ Judge Phillips noted in his findings of fact that he viewed Leland's testimony with some distrust, that the financial information Leland provided was internally inconsistent, and that Leland had disposed of the swather in violation of a restraining order.

9. ¶ The division of property in a proceeding for dissolution of marriage is governed by § 40-4-202, MCA. Under this statute, the District Court has broad discretion to equitably distribute the parties' property between them. *See, e.g.,* In re Marriage of Baer, 1998 MT 29,  ¶ 30, 287 Mont. 322, ¶ 30, 954 P.2d 1125, ¶ 30.

10. ¶ Leland argues that his Smith and Bliss Farm debts are undisputed in the record. Without further elaboration, Leland asserts that the court abused its discretion in ignoring these liabilities. Bobbi Jo responds and the record shows that Leland failed to list these debts on pretrial interrogatories and on a balance sheet admitted at trial which Leland and his father had submitted to the federal government for an operating loan.

11. ¶ We must give due regard to the opportunity of the trial court to judge the credibility of witnesses. Rule 52(a), M.R.Civ.P. It is the duty and function of the district court to resolve conflicts in evidence, and we will not substitute our judgment for that of the district court on such matters. In re Marriage of Pearson, 1998 MT 236, ¶ 51, 291 Mont. 101, ¶ 51, 965 P.2d 268, ¶ 51 (citation omitted). It was within the province of the District Court to weigh Leland's testimony that he owed the Smith and Bliss Farm debts with conflicting information and find that

Leland had not credibly established that he owed these debts. The fact that the District Court did not list the Smith and Bliss Farm debts on its Exhibit B does not indicate that the court simply ignored these debts and was not an abuse of discretion.

12. ¶ Leland also argues that the District Court's Exhibit B failed to list or take his Commodity Credit debt into account. Leland first claimed he owed this debt in the middle of the trial and provided no documentation concerning this debt. The District Court's omission of the Commodity Credit debt from its Exhibit B was also not an abuse of discretion.

13. ¶ Next, Leland argues that the District Court overstated his net worth by awarding him a 1989 Ford 4 x 4 pickup truck valued at $10,000 and the corresponding debt of $9,351.24 owed to Citizen State Bank. Leland argues that the truck has been repossessed by the bank and his net worth has therefore been overstated. If the truck had been repossessed, the bank would have extinguished the debt. Therefore, the District Court did not abuse its discretion by awarding the truck and the corresponding debt to Leland.

14. ¶ Finally, Leland argues that the District Court incorrectly valued his swather at $10,000. Leland argued at trial that the swather was worth $0 because it had no motor. Leland also testified at trial that he had given the swather away. This violated the District Court's restraining order, of which Leland testified he was aware. Bobbi Jo valued the swather at $10,000. The District Court did not abuse its discretion by estimating the value of the swather Leland had given away in violation of a court order to be $10,000 and assigning that asset to Leland.

15. ¶ Affirmed.

/S/ W. WILLIAM LEAPHART

We concur:

/S/ J. A. TURNAGE

/S/ JIM REGNIER

No

/S/ TERRY N. TRIEWEILER

/S/ KARLA M. GRAY