FILED

10/11/2016

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 16-0034

DA 16-0034

IN THE SUPREME COURT OF THE STATE OF MONTANA

2016 MT 258N

SHARON BOYCE and KYEANN SAYER,

      Plaintiffs and Appellants,

   v.

CARPET PLUS, INC. d/b/a ABBEY CARPET
& FLOOR, CURTIS BOWLER and MARTY
JOHNSON d/b/a MARTY JOHNSON, LLC,

      Defendants and Appellees.

| | |
|---|---|
| APPEAL FROM: | District Court of the Fourth Judicial District,<br>In and For the County of Missoula, Cause No. DV-10-994<br>Honorable Karen Townsend, Presiding Judge |

COUNSEL OF RECORD:

      For Appellants:

           Sharon R. Boyce (Self-Represented), Missoula, Montana

           Kyeann Sayer (Self-Represented), Ewa Beach, Hawaii

      For Appellee Carpet Plus and Curtis Bowler:

           Gerry P. Fagan, Adam Warren, Moulton Bellingham PC,
           Billings, Montana

      For Appellee Marty Johnson:

           Patrick M. Sullivan, Poore, Roth & Robinson, P.C., Butte, Montana

                 Submitted on Briefs:  September 14, 2016

                         Decided:  October 11, 2016

Filed:

                         _____
                                Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Boyce and Sayer (Homeowners) brought this action in 2010 seeking property damages arising from Defendants' (hereinafter Abbey's) 2008 installation of flooring and carpeting in the house they occupied in Missoula. At that time the residence was owned by Tupi Plain, LLC. Homeowners also sought personal injury damages for "toxic poisoning" that they claimed was caused by the finishing materials used on the flooring. All Defendants filed motions for summary judgment and in December 2015 the District Court granted the motions. Homeowners appeal and we affirm.

¶3 The District Court determined that the Homeowners lacked standing to prosecute the property damage claims because they did not own the property at the time the claims arose in 2008. Tupi Plain LLC owned the property in 2008 and also in 2010 when this action was filed, but it is not a party to this action. The District Court determined that the property damage claims belonged solely to Tupi Plain, not to the individual Homeowners. *Lewis v. Puget Sound Power & Light*, 2001 MT 145, ¶ 17, 306 Mont. 37, 29 P.3d 1028; § 35-8-701, MCA. The individual Homeowners cannot bring an action on

behald of the LLC. *H & H Development v. Ramlow*, 2012 MT 51, ¶ 18, 364 Mont. 283, 272 P.3d 657.

¶4 The District Court next considered Homeowners' failure to warn claim, which arises from their contention that the finishing materials used on the floors were unreasonably hazardous to their health. The District Court found that determining whether the materials were dangerous to human health was beyond the common experience of jurors and therefore required the support of expert testimony. The District Court found that Homeowners had not placed any competent expert opinion in the record, and that their own testimony as to their symptoms was not sufficient to overcome a motion for summary judgment. *Disler v. Ford Motor Co.*, 2000 MT 304, ¶¶ 9-10, 302 Mont. 391, 15 P.3d 864. Therefore, the District Court determined that Homeowners had not met their burden to respond to Abbey's motion for summary judgment.

¶5 Last, the District Court considered the motion for summary judgment on behalf of the individual Defendants on the ground that they were acting within the course and scope of their employment with Abbey's and were therefore shielded from personal liability. The District Court noted that Homeowners specifically alleged that the individuals were acting within the course and scope of their employment at the time of the events at issue and that this provided them with a narrow shield from personal liability. *Sherner v. Nat. Loss Control Serv.*, 2005 MT 284, ¶¶ 25-26, 329 Mont. 247, 124 P.3d 150.

¶6 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion

of the Court, this case presents questions controlled by settled law which the District Court properly applied.

¶7    Affirmed.

/S/ MIKE McGRATH

We Concur:

/S/ PATRICIA COTTER
/S/ BETH BAKER
/S/ JAMES JEREMIAH SHEA
/S/ JIM RICE