Percy Lee SANDERS and Bettie Mae SANDERS, Appellants,

v.

Elizabeth L. KAHN, Appellee.

No. 1978.

Municipal Court of Appeals for the District of Columbia.

Submitted May 13, 1957.

Decided July 25, 1957.

Quentin W. Banks, Washington, D. C., for appellants.

Jordan S. Himelfarb, Washington, D. C., for appellee.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

HOOD, Associate Judge.

This action was brought by a landlord to recover from her tenants certain rent and the balance of the purchase price of some store fixtures. It appears that when the tenants were in default in payment of rent and payments on the fixtures, an agreement, dated July 6, 1956, was reached by which the tenants agreed to give possession of the premises and the fixtures, and the landlord released the tenants "from back rent and fixture payments" and agreed to "try to rerent the store (and sell the fixtures) for the benefit of" the tenants for the balance of the lease term. The landlord sold the fixtures for less than the balance due and was unable to rerent the premises until October 1. This action was for the unpaid balance due on the fixtures and for loss of rent from July 6 to October 1. The trial court found that the landlord was entitled to $267.57 for loss of rent and $187.07 for the balance on the fixtures.

■ The main point raised by the tenants is that under the agreement of July 6 there was a surrender to and acceptance by the landlord of the leased premises and that consequently they were released from liability for subsequently accruing rent. Undoubtedly an outright surrender and acceptance would put an end to the lease and future liability thereunder, but, as pointed out by the trial court, the acceptance here was qualified. The agreement specifically provided that the landlord would "try" to rerent for the benefit of the tenants. The only reasonable inference which can be drawn from this provision is that the tenants were to remain responsible for any loss resulting from inability to rerent.

■ The tenants say that even if they are liable for any rent deficiency, this action was premature under our ruling in McIntosh v. Gitomer, D.C.Mun.App., 120 A.2d 205, 207. There we held that under the facts of that case an action for damages for deficiency in rent, brought pursuant to a lease provision holding the tenant liable therefor even after eviction, could not be brought until the end of the term because until then the extent of damages could not be determined. But we also there said: "Perhaps a provision could be drawn so as to make the tenant liable for monthly deficits, but the covenant here in question did not so provide."

The lease in the instant case contains the following provision:

"Termination of this lease for default or breach, * * * shall not relieve Tenant of his liability and obligations under this lease, * * * and Tenant shall remain in all events liable and answerable for the full rent to the date of such termination, and shall also be and remain answerable in damages for the deficiency or loss of rent * * * and Landlord reserves full power, * * * to re-let said premises * * *, and any loss of rent * * *, at the option of Landlord, may be recovered by him in separate actions, from time to time, as Tenant's obligation to pay rent would have accrued if the term had continued, or from time to time as said damages shall have been made more easily ascertainable by relettings of said premises, * * *."

Under this provision we hold that the tenants would have been liable for monthly deficits at the option of the landlord had there been a repossession of the property for breach of covenant.[1] And we believe it was this right the landlord intended to retain when she qualifiedly accepted surrender of the premises. Our conclusion is that the action for damages for loss of rent was not premature.

The tenants also claim there was error in computing the balance due on the fixtures. This claim is well taken. The total price was $700 and a cash payment of $235 was made, leaving a balance of $465. The agreement of July 6 released the tenants from back payments, which, regardless of whether any of those payments had been made, amounted to $160 (eight monthly payments of $20 each). This left a balance of $305 and against this was a credit of $180, the proceeds of resale. Thus there was a final balance of $125. The trial court was in error in finding the balance due on the fixtures to be $187.07. To correct this error the judgment must be modified by reducing it from $454.57 to $392.50. As so modified, the judgment is affirmed.

Modified and affirmed.

1. See McCready v. Lindenborn, 172 N.Y. 400, 65 N.E. 208; Hermitage Company v. Levine, 248 N.Y. 333, 162 N.E. 97, 59 A.L.R. 1015.

