No. 13728

IN THE SUPREME COURT OF THE STATE OF MONTANA

1977

---

MONTANA WILLIAMS DOUBLE DIAMOND
CORPORATION, a Montana corporation,

Plaintiff and Respondent,

-vs-

RONALD HILL and JAYLENE HILL,

Defendants and Appellants.

---

Appeal from:  District Court of the Eighteenth Judicial
District,
Honorable W. W. Lessley, Judge presiding.

Counsel of Record:

For Appellants:

Brown, Pepper and Kommers, Bozeman, Montana
Gene I. Brown argued, Bozeman, Montana

For Respondent:

Goetz and Madden, Bozeman, Montana
William L. Madden argued, Bozeman, Montana

---

Submitted:  October 3, 1977

Decided:  JAN 10 1978

Filed: JAN 10 1978

Thomas J. Kearney
Clerk

Mr. Justice Gene B. Daly delivered the Opinion of the Court.

Defendants appeal from the final judgment of the District Court, Gallatin County, sitting without a jury. Plaintiff brought action against defendants on the grounds of breach of lease and unlawful detainer. Defendants answered and counterclaimed seeking damages for plaintiff's alleged breach of the covenant of peaceful and quiet possession. The District Court found for plaintiff and awarded $6,102 in damages, plus costs and reasonable attorney fees in the amount of $1,500.

This cause arose out of a lease agreement drafted by defendants' counsel and executed by the parties on January 2, 1976. The lease instrument provided for the letting of premises known as the Korner Klub, a bar located at Four Corners, Gallatin County, Montana, and a modular home located on the premises beside the bar. The term of the lease was five years and the monthly rent consideration was $678. The lease specified that: (1) the payment of rent was to be made monthly, in advance, on the first day of each month; (2) the lessors were released from liability for personal injuries occuring to persons on the premises, the lessees agreeing to obtain a liability insurance policy in the amount of $50,000; (3) any improvements or alterations on the premises were to be made at the expense of the lessees; (4) the payment of monthly rent was of the essence of the lease and if not paid when due, on or before the tenth of each month, lessor would have the option of terminating the lease and obtaining possession and damages for nonpayment of rent by giving lessees 30 days notice in writing; (5) lessor grants to lessee the first right of refusal to purchase the premises; (6) lessor would effectuate a transfer of beer and liquor licenses to lessees; (7) all license fees incurred during the term of the lease would be borne by lessees; (8) lessees agreed to comply with all

-2-

rules and regulations of the Montana Liquor Control Board pertaining to the use of the premises as a bar and entertainment business; and, (9) in the event of any violations by the lessees of the rules and regulations of the Montana Liquor Control Board, or in the event of any violation by lessee of any state law, lessor would have the right, at lessor's expense, to do all things reasonably necessary to correct or remedy or terminate the violation, provided that lessor and lessee would cooperate with each other to correct or terminate any such violation.

On August 12, 1976, plaintiff executed and delivered to defendants a notice of default and termination of lease. Plaintiff listed the grounds for default as defendants' failure to comply with the laws of Unemployment Compensation, Workmen's Compensation, Federal and State Revenue laws and applicable county license laws, and defendants' failure to make payment of the monthly rent due on or before August 10, 1976. Plaintiff stated its election to consider the lease terminated pursuant to the default provisions of the lease agreement, effective 30 days from the date of notice, compelling defendants to forfeit and relinquish the premises in the manner set forth in the lease and to execute the necessary documents of assignment revesting the beer and liquor licenses with plaintiff. On September 13, 1976, plaintiff delivered to defendants a notice to quit and vacate the premises within three days, in accordance with the provisions of section 67-525, R.C.M. 1947.

When defendants failed to vacate the premises, plaintiff filed a complaint and motion for expedited hearing and answer in the District Court seeking a declaration of termination and forfeiture of the lease; restitution of the premises and eviction of defendants; all rent due under the provisions of the lease; statutory penal damages in the sum of three times the amount of rent due under the provisions of the lease agreement; specific performance

of the lease provision ordering defendants to execute those documents of assignment necessary to transfer to plaintiff the Montana beer and liquor licenses used upon the leased premises; costs of suit and reasonable attorney fees as provided for in the lease agreement. Defendants filed their answer on September 27, 1976, generally denying plaintiff's allegations and setting forth their counterclaim seeking an order declaring defendants had not breached the lease agreement; an order declaring that possession of the premises remain with defendants; and judgment in favor of defendants awarding $5,000 for actual damages, $5,000 for punitive damages and reasonable attorney fees.

The matter of the breach of the lease agreement was heard by the District Court on October 5, 1976. On October 13, 1976, the District Court issued its findings of fact and conclusions of law holding defendants had breached their lease with plaintiff entitling plaintiff to termination of the lease, ejectment of defendants and restitution of the premises in plaintiff; plaintiff had not breached the covenant of peaceful and quiet possession; and plaintiff was entitled to dismissal of defendants' counterclaim. Plaintiff was awarded the sum of $678 as rent due in the month of August, this sum having been paid into the court registry subsequent to the notice of default and termination of the lease agreement; rent in the sum of $678 per month for the months of September and October as damages for defendants' willful holding over after expiration of the lease term, the remaining sum of $678 which had been paid into the court registry as rent for September to be allocated toward the total sum due; statutory penal damages in the sum of three times the rent due and owing for the months of September and October; specific performance of the lease provision ordering defendants to execute those documents of assignment necessary to transfer back to plaintiff the Montana beer and liquor licenses used on the leased

-4-

premises; costs, disbursements and reasonable attorney fees. Judgment, decree and order of the District Court was entered on October 15, 1976. Reasonable attorney fees were assessed in the sum of $1,500. Notice of entry of judgment was filed on October 18, 1976.

A writ of restitution was executed on October 18, 1976, and the sheriff of Gallatin County placed a padlock on the front door of the Korner Klub on the morning of October 19, 1976. Defendants' filed a motion to stay execution of judgment. The District Court granted the motion for stay order pending the disposition of defendants' motion to amend and make additional findings of fact and conclusions of law and motion for new trial. In accordance, the sheriff removed the padlock from the Korner Klub in the afternoon of October 19, 1976. On October 20, 1976, plaintiff filed a motion to vacate stay or, in the alternative, for security on the grounds plaintiff would suffer irreparable harm if execution of judgment was stayed without the posting of adequate security by defendants.

On October 25, 1976, the District Court conducted a hearing on plaintiff's motion to vacate stay or, in the alternative, for security. On November 1, 1976, the District Court conducted a hearing on defendants' motion to amend and make additional findings of fact and conclusions of law and motion for new trial. The matter was deemed submitted to the court and taken under advisement. Subsequently, on November 8, 1976, plaintiff filed a motion to dismiss or, in the alternative, to strike defendants' motion for new trial. On November 15, 1976, plaintiff filed a motion for additional security and for restraining order, with supporting affidavit, on the grounds defendants were removing and disposing of movable items of property situate on the Korner Klub premises during the pendency of the stay order and defendants had abandoned the premiese on or about November 10, 1976.

-5-

On November 15, 1976, the District Court issued an order to show cause and restraining order compelling defendants to appear and show cause why the relief prayed for in plaintiff's motion for additional security and restraining order should not be entered against defendants. The District Court further ordered defendants be restrained from removing or disposing of any property situate on the Korner Klub premises or from taking any other action which might injure plaintiff's revestiture interest. On November 17, 1976, the District Court issued its order denying defendants' motion to amend and make additional findings of fact and conclusions of law and motion for new trial.

Hearing on the District Court's order to show cause and restraining order was held on November 22, 1976. The matter was deemed submitted to the court and taken under advisement. On December 6, 1976, the court issued an order vacating its previous order of October 19, 1976, staying execution of judgment; enjoined defendants to deliver immediate possession of the premises to plaintiff; and continued for further hearing, upon a date to be set by the court, the matter of damages sustained by plaintiff during the pendency of the stay order. Writ of Restitution was issued on December 6, 1976. Notice of appeal was filed in the District Court on December 16, 1976. Pursuant to Rule 6(a), M.R.App.Civ.P., defendants have posted $500 for costs on appeal. No supersedeas bond has been posted.

Four issues are presented for review:

1. Whether there is sufficient evidence to sustain the District Court's finding that defendants are guilty of unlawful detainer?

2. Whether there is sufficient evidence to sustain the District Court's award of monetary damages to plaintiff?

3. Whether the District Court erred in denying defendants'

motion to amend and make additional findings of fact and conclusions
of law and motion for new trial?

4. Whether the District Court, sitting as a court of equity,
erred in failing to grant defendants relief from forfeiture under
the lease agreement?

A resolution of Issues 1 and 2 is found in an examination of
the legal remedies available to the plaintiff/lessor. Plaintiff's
complaint sought termination of the lease agreement and forfeiture
on the ground of breach of lease. Defendants filed an answer
generally denying plaintiff's allegations and counterclaimed alleging
plaintiff breached the lease agreement's covenant of peaceful and
quiet possession. The District Court, in its findings of fact and con-
clusions of law filed October 13, 1976, held defendants in default
of the lease agreement relating back to August 10, 1976, because
of defendants':

> " * * * failure (1) to pay the monthly rental when
> due, (2) to comply with the covenants and provisions
> of the lease concerning compliance with the laws of
> the state of Montana, and (3) to comply with the
> lease term requiring their purchase of a liability
> insurance policy."

The District Court concluded as a matter of law:

> "Defendants have breached their lease with Plain-
> tiff entitling Plaintiff to a termination of the
> lease, and ejectment of Defendants and restitution
> of the premises in Plaintiff."

The District Court then went on to assess damages, including:

> " * * * statutory penal damages in the sum of
> three times the rent due and owing for the months
> of September and October, 1976."

The critical distinction presented in the instant fact
situation is that unlawful detainer and statutory treble damages
awarded pursuant to a finding of unlawful detainer, are not viable
remedies available to a plaintiff/lessor until either expiration
of the lease term with a finding of lessees wrongful holding over
or termination of the lease agreement and forfeiture are established

-7-

by judicial proceedings. This last requirement was not accomplished until the District Court issued its findings of fact and conclusions of law, and judgment, and notice of entry of judgment was filed, with execution on the judgment following. Upon such events occurring, an action for unlawful detainer would arise if defendants failed to relinquish possession of the leased premises.

Prior to a finding that the lease is terminated, defendants remain liable for unpaid rent, pursuant to the lease agreement. After the lease is terminated by judicial proceedings, what survives is a liability, not for rent, but for damages to the lessor. Sanders v. Kahn (1957), (D.C. Mun. App.) 134 A.2d 107; Hermitage Co. v. Levine (1928), 248 N.Y. 333, 162 N.E. 97, 59 A.L.R. 1015; 50 Am Jur 2d, Landlord and Tenant, § 1224. It is these damages, found to exist after expiration of the lease term or after termination of the lease agreement, and a finding of unlawful detainer, which may be trebled. See: Section 93-6105 and 93-9715, R.C.M. 1947.

We hold the District Court erred when it awarded treble damages in the instant case. Notice of entry of judgment was filed on October 18, 1976. The District Court's order staying execution of judgment was issued on October 19, 1976 and remained in effect until December 6, 1976. Since plaintiff was restrained from executing on the District Court's judgment, which terminated the lease agreement, until December 6, 1976, plaintiff is entitled to rents under the lease agreement for the period August 1, 1976 through December 6, 1976. Plaintiff is further entitled to a hearing in the District Court to determine any damages sustained by plaintiff during the pendency of the stay order, such damages to be determined by the District Court upon remand from this Court.

Defendants contend, and we agree, the District Court erred when it awarded plaintiff $1,500 in attorney fees after plaintiff's counsel submitted to the District Court an affidavit representing

-8-

plaintiff's claim for attorney fees in the amount of $1,057. This Court has set forth the criteria to be followed in awarding attorney fees. First Security Bank of Bozeman v. Tholkes (1976), ____Mont. ____, 547 P.2d 1328, 33 St.Rep. 341; Crncevich v. Georgetown Recreation Corp. (1975), 168 Mont. 113, 541 P.2d 56; Forrester & MacGinniss v. B & M. Co. (1904), 29 Mont. 397, 74 P. 1088.

Defendants' Issue 3 challenges the District Court's denial of their motion to amend and make additional findings of fact and conclusions of law, and motion for new trial. We are in agreement defendants' motion to amend should have been granted to the extent of excluding from the findings of fact and conclusions of law, and judgment any treble damages based upon unlawful detainer, consistent with this opinion. However, defendants' motion for new trial was properly denied.

A motion for new trial is controlled by Rules 7(b)(1) and 59, M.R.Civ.P., and section 93-5602, 93-5603, and 93-5604, R.C.M. 1947. Rule 7(b)(1), M.R.Civ.P., requires that the grounds for any motion, including a motion for new trial, be stated with particularity. Rule 59, M.R.Civ.P., provides a "motion for new trial shall state with particularity the grounds therefor, it not being sufficient merely to set forth the statutory grounds." Defendants' motion for new trial was inadequate and defective in its essential elements because it merely recited the statutory language of section 93-5603, R.C.M. 1947, without stating with particularity the precise facts or circumstances being relied upon in support of their motion. Defendants neither filed an affidavit or memorandum in support of the motion for new trial nor provided this Court with a transcribed record of the hearing on the motion for new trial in the District Court. Halsey v. Uithof (1975), 166 Mont. 319, 532 P.2d 686; Martello v. Darlow and Lovely (1968), 151 Mont. 232, 441 P.2d 175.

-9-

Defendants' Issue 4 attacks the District Court's failure to relieve defendants from forfeiture under the lease agreement. The only applicable authority cited by defendants for the proposition a lessee may be relieved from a forfeiture under a lease agreement is Gamble-Skogmo, Inc. v. McNair Realty Co. (1951), 98 F.Supp. 440. Gamble-Skogmo held that a lessee may be relieved from a forfeiture resulting from default in the payment of rent when the lessee tenders the rent due plus interest and costs before execution of the judgment for possession, provided this is done while the tenant is in lawful possession under the lease agreement.

In the instant case, defendants tendered late rent payments to the District Court for the months of August and September, 1976. However, neither interest nor plaintiff's costs were tendered. The grounds for termination of the lease agreement were not limited to the failure to pay rent. The additional grounds of failure to comply with state laws and failure to procure liability insurance in compliance with a covenant of the lease agreement were plead and proved by plaintiff. At the time the District Court rendered judgment some of the alleged violations had not been remedied.

Upon these findings and the fact defendants abandoned the lease premises, executed instruments transferring the Montana beer and liquor licenses back to plaintiff, and the premises being re-let, we hold the District Court did not err when it denied defendants relief from forfeiture under the lease agreement.

The findings of fact and conclusions of law and judgment of the District Court are reversed in part as to an award of treble damages, discussed herein, as well as the attorney fees. The cause is remanded to the District Court for hearing on the matter of damages sustained by plaintiff during pendency of the stay order and attorney fees, consistent with this Opinion.

_____
                Justice

-10-

We Concur:

_____
Chief Justice

_____

_____

_____
Justices