DA 12-0199

IN THE SUPREME COURT OF THE STATE OF MONTANA

2013 MT 122

WITTICH LAW FIRM, P.C.

      Plaintiff and Appellee,

  v.

VALERY ANN O'CONNELL
and DANIEL O'CONNELL,

      Defendants and Appellants.

| | |
|---|---|
| APPEAL FROM: | District Court of the Sixth Judicial District, In and For the County of Park, Cause No. DV-10-198 Honorable Wm. Nels Swandal, Presiding Judge |

COUNSEL OF RECORD:

      For Appellants:

            Daniel O'Connell, self-represented, Valery O'Connell, self-represented; Emigrant, Montana

      For Appellee:

            Carrie R. Wasserburger, Arthur V. Wittich; Wittich Law Firm, P.C.; Bozeman, Montana

                    Submitted on Briefs:  January 9, 2013

                                Decided:  May 7, 2013

Filed:

_____
                        Clerk

Justice Michael E Wheat delivered the Opinion of the Court.

¶1     Plaintiff and Appellee Wittich Law Firm, P.C., (WLF) filed a complaint seeking unpaid legal fees in the Sixth Judicial District Court, Park County. The District Court entered a default judgment in favor of WLF. Defendants and Appellants Valery Ann and Daniel O'Connell (the O'Connells) moved to vacate the entry of default judgment some nine months later. The District Court denied the motion, and the O'Connells appealed this denial pro se. We affirm.

## STATEMENT OF THE ISSUES

¶2     We restate the issues on appeal as follows:

¶3     *1. Did the District Court slightly abuse its discretion by denying the O'Connells' motion to vacate its entry of default judgment?*

¶4     *2. Did the District Court err by awarding attorney fees and costs to the Wittich Law Firm, P.C.?*

¶5     *3. Did the District Court err by denying the O'Connells' M. R. Civ. P. 59(e) and M. R. Civ. P. 60(b) motions seeking to either alter or set aside the court's January 6, 2012 denial of the O'Connells' motion to vacate the entry of default judgment?*

## FACTUAL AND PROCEDURAL BACKGROUND

¶6     Plaintiff WLF filed a complaint on October 27, 2010 alleging that the O'Connells and WLF had previously entered into a contract for legal services and that the O'Connells had breached this contract by failing to fully pay for the legal services performed by WLF. The complaint requested a judgment in the amount of $2,892.26, interest, attorney fees, and costs. The O'Connells were each personally served with the complaint and a summons on November 1, 2010. The summonses notified the O'Connells that their answer was due

2

within 20 days after the completion of service of the summons and complaint. *See* M. R. Civ. P. 12(a) (2009).

¶7 The O'Connells failed to file an answer or otherwise appear within the required time period. WLF and the O'Connells did communicate about the alleged owed payments, however. WLF sent the O'Connells a letter on November 17, 2010, advising them that the account in question showed an outstanding balance of $2,232.56. This lower balance reflected a June 10, 2010 transfer of $662.25 from another of the O'Connells' trust accounts with WLF. The letter requested that the O'Connells "pay the remaining $2,232.56 immediately so we can close out your account." The O'Connells thereafter paid $2,138.57 on December 2, 2010. Immediately after receiving this payment, WLF sent the O'Connells another letter stating that they still owed the firm $93.99 and asking the O'Connells to remit this remaining payment by December 10, 2010. On December 1, 2010, while this correspondence was occurring, WLF requested an entry of default from the Clerk of the District Court, and the clerk ordered entry of a default on December 3, 2010. *See* M. R. Civ. P. 55(a) (2009).

¶8 The O'Connells did not send the requested $93.99 by December 10, and WLF filed an Application for Default Judgment on December 16, 2010. The attached brief and affidavit claimed that the O'Connells had last submitted a payment to WLF for outstanding legal fees on December 2, 2010, and claimed that the O'Connells still owed $93.99. An affidavit from Arthur Wittich attached a copy of the legal services contract between the O'Connells and WLF. This contract provided that the failure to pay costs and fees incurred in the course of

3

WLF's representation would subject the O'Connells to "all collection costs, including attorney fees, for any action necessary" and that overdue balances would accrue interest at 12% per year. An attached accounting of the costs and fees WLF had incurred while pursuing the action showed a balance of $808.80. The District Court subsequently entered an order of default judgment against the O'Connells for $902.79 on March 9, 2011.

¶9 The O'Connells filed a "Motion to Vacate Default/Order" on December 5, 2011, roughly nine months after the entry of default judgment. Their motion sought to vacate the default judgment pursuant to M. R. Civ. P. 60(b).[1] While the O'Connells did not state which Rule 60(b) reason their motion was based on, their motion largely contested WLF's accounting of the owed legal fees, alleged various newly discovered "errors and hidden deceits," and alleged that a WLF bookkeeper had committed fraud by leading them to believe that WLF's complaint would be dropped.

¶10 The O'Connells' motion also assumed that it was operating under the 2011 version of the Montana Rules of Civil Procedure, which provide that motions made under Rule 60(b)(1)-(3) must be made no more than a year after the entry of judgment or order or the date of the proceeding. The 2009 version of Rule 60(b) required that motions made for reasons (1)-(3) under Rule 60(b) must be made within 60 days of the judgment or order or service of the entry of judgment. The 2011 amendments to the Montana Rules of Civil Procedure became effective October 1, 2011. *See* Sup. Ct. Ord. No. AF 07-0157, April 26,

---

[1] The applicable version of Rule 60(b), 2009 or 2011, is at issue and will be addressed in our discussion.

4

2011, eff. Oct. 1, 2011; M. R. Civ. P. 86 (2011). Because the O'Connells' Rule 60(b) motion was made roughly nine months after the court's order of default judgment, determining which version of Rule 60(b) applied to their motion would determine its initial validity if it alleged reasons (1)-(3) as a basis for relief.

¶11 The District Court denied the O'Connells' December 5, 2011 motion to vacate the default judgment in a January 6, 2012 order. The court construed the O'Connells' motion as most clearly alleging reason (3) as a basis for relief. The court also determined that the 2009 version of Rule 60(b) governed the O'Connells' motion, rendering the motion untimely. The court also considered M. R. Civ. P. 60(b)(6) (2009) as a possible basis for the O'Connells' motion. Rule 60(b)(6) (2009) allowed relief from a judgment pursuant to "any other reason" if filed "within a reasonable time." *See also, Bartell v. Zabawa*, 2009 MT 204, ¶ 30, 351 Mont. 211, 214 P.3d 735 ("A successful M. R. Civ. P. 60(b)(6) motion requires that (1) the movant demonstrate extraordinary circumstances, (2) the movant acted to set aside the judgment within a reasonable time, and (3) the movant was blameless."). The court denied the O'Connells' motion under Rule 60(b)(6), finding that they failed to meet any of the standards that we set in *Bartell*. The court also ordered the O'Connells to pay WLF's attorney fees and costs incurred in responding to the December 5, 2011 motion to set aside the default judgment. WLF submitted a request for an award of $2,860.00 in attorney fees and costs on January 12, 2012. The O'Connells failed to object to or otherwise contest the WLF's accounting and the court ordered the O'Connells to pay the $2,860.00 in a February 3, 2012 judgment.

5

¶12    The O'Connells subsequently filed two conglomerated motions, one on January, 31, 2012 (the January motion), and another on February 24, 2012 (the February motion). The January motion specifically asked for relief from the court's January 6 order and alleged M. R. Civ. P. 59(e) and M. R. Civ. P. 60(b) as bases for relief. The February motion sought to alter or amend the court's February 3 judgment awarding attorney fees and costs pursuant to Rule 59(e) and requested a stay of that judgment pursuant to M. R. Civ. P. 62. The District Court denied both motions in a March 20, 2012 order, finding that the O'Connells did not timely object to the award of attorney fees and that they provided insufficient justification for either an amendment or stay of the judgment.

¶13    The O'Connells filed a notice of appeal to this Court on March 23, 2012 indicating that they intended to appeal the January 6, 2012 order denying their motion to vacate the default judgment, the February 3 judgment awarding attorney fees and costs, and the March 9, 2011 order of default judgment. Their brief on appeal, however, claims they are appealing the January 6, 2012 order, February 3 judgment, and March 20, 2012 order denying the O'Connells' January and February motions. For the reasons stated below, we affirm the decisions of the District Court on all counts and decline to address the O'Connells' appeal of the March 20, 2012 order. *See* M. R. App. P. 4(4)(a).

**STANDARD OF REVIEW**

¶14    Our standard of review of a district court's ruling on a motion pursuant to M. R. Civ. P. 60(b) depends upon the nature of the final judgment, order, or proceeding from which relief is sought and the specific basis of the Rule 60(b) motion. *Essex Ins. Co. v. Moose's*

6

*Saloon, Inc.*, 2007 MT 202, ¶ 16, 338 Mont. 423, 166 P.3d 451. Here, because we do not favor default judgments, we will review the denial of the motion to set aside the default judgment for only a slight abuse of discretion. *Nikolaisen v. Adv. Transformer Co.*, 2007 MT 352, ¶ 14, 340 Mont. 332, 174 P.3d 940. The party who seeks to set aside a default judgment bears the burden of persuasion. *Nikolaisen*, ¶ 14.

¶15　A decision on a request for an award of attorney fees is reviewed for an abuse of discretion unless a contract requires an award of fees, in which case a district court lacks the discretion to deny the request. *Gibson v. Paramount Homes*, 2011 MT 112, ¶ 10, 360 Mont. 421, 253 P.3d 903. An abuse of discretion occurs when a court acts arbitrarily without employment of conscientious judgment or exceeds the bounds of reason resulting in substantial injustice. *Boyne USA, Inc. v. Spanish Peaks Dev., LLC*, 2013 MT 1, ¶ 30, 368 Mont. 143, 292 P.3d 432. Last, we review a district court's conclusions of law to determine if they are correct. *Estate of Donald v. Kalispell Reg'l Med. Cntr.*, 2011 MT 166, ¶ 17, 361 Mont. 179, 258 P.3d 395.

## **DISCUSSION**

¶16　*1. Did the District Court slightly abuse its discretion by denying the O'Connells' motion to vacate the default judgment?*

¶17　Montana Rule of Civil Procedure 55(c) provides that the court may set aside a default judgment in accordance with the reasons contained in Mont. R. Civ. P. 60(b). The 2009 version of Rule 60(b) provided, in relevant part:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the

7

following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. *The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) when a defendant has been personally served, whether in lieu of publication or not, not more than 60 days after the judgment, order or proceeding was entered or taken,* or, in a case where notice of entry of judgment is required by Rule 77(d), not more than 60 days after service of notice of entry of judgment.

M. R. Civ. P. 60(b) (2009) (emphasis added). The 2011 version of Rule 60(b) differs in form

and is also subject to the new timing requirements of Rule 60(c):

**(b) Grounds for Relief from a Final Judgment, Order, or Proceeding.** On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> **(1)** mistake, inadvertence, surprise, or excusable neglect;
> **(2)** newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> **(3)** fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> **(4)** the judgment is void;
> **(5)** the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> **(6)** any other reason that justifies relief.

**(c) Timing and Effect of the Motion.**
> (1) Timing. *A motion under Rule 60(b) must be made within a reasonable time -- and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding.* Motions provided by Rule 60(b) must be determined within the times provided by Rule 59 in the case of motions for new trials and amendment of judgment and if the

8

court shall fail to rule on the motion within the 60-day period, the motion must be deemed denied.

M. R. Civ. P. 60(b) & (c) (2011) (emphasis added). Thus, the reasons that may justify granting relief from a default judgment remain the same, but the time limit for a motion based on reasons (1), (2), and (3) has been increased from 60 days to one year.

¶18 The O'Connells' December 5, 2011, Rule 60(b) motion did not clearly state which subsections provided the basis of their motion. Indeed, the O'Connells' December 5 motion largely advanced arguments, like the accounting and handling of their payments or the language of the legal services contract, that are irrelevant to the reasons listed under Rule 60(b). However, the District Court construed the motion as most clearly advancing subsection (3) due to their various assertions of fraud on the part of WLF. The court denied the O'Connells' motion pursuant to reason (3) by applying the 2009 version of the rule, which required motions based on Rule 60(b)(1)-(3) to be filed not more than 60 days after the default judgment. Because the O'Connells' motion was filed nine months after the default judgment, the court concluded that it was untimely insofar as it alleged a basis for relief under reasons (1)-(3).

¶19 The court also considered the O'Connells' motion under Rule 60(b)(6). A movant cannot prevail under Rule 60(b)(6) unless they meet the higher burden of proving extraordinary circumstances while showing that they were blameless and acted within a reasonable amount of time. *See Bahm v. Southworth*, 2000 MT 244, ¶ 14, 301 Mont. 434, 10

P.3d 99. The court concluded that the O'Connells could not establish any of the elements of a Rule 60(b)(6) claim and denied their motion under this alternative theory.

¶20     Initially, while the court considered the O'Connells' motion under Rule 60(b)(6) and the O'Connells continue to advance it as a basis for relief on appeal, we have recently reiterated the general rule that "where the circumstances underlying a default judgment raise grounds that are covered by Rule 60(b)(1)-(5), Rule 60(b)(6) is not available for application." *Green v. Gerber*, 2013 MT 35, ¶ 35, 369 Mont. 20; *Mont. Prof'l Sports, LLC v. Nat'l Indoor Football League, LLC*, 2008 MT 98, ¶ 54, 342 Mont. 292, 180 P.3d 1142 ("Relief is available under M. R. Civ. P. 60(b)(6) 'for situations other than those enumerated in the first five subsections of the rule.'"). *Green*'s reiteration of our interpretation of Rule 60(b) follows over twenty years of similar precedent. *See In re Marriage of Waters*, 223 Mont. 183, 187, 724 P.2d 726 (1986); *Koch v. Billings Sch. Dist. No. 2*, 253 Mont. 261, 265, 833 P.2d 181 (1992) ("'[I]t is generally held that if a party seeks relief under any other subsection of Rule 60(b), it cannot also claim relief under 60(b)(6).'"); *Essex Ins. Co.*, ¶ 21. Our *Waters* opinion adopted the U.S. Supreme Court's interpretation of the "any other reason" qualification in Rule 60(b)(6), stating "'[i]n simple English, the language of the 'other reason' clause, *for all reasons except the five particularly specified*, vests power in court adequate to enable them to vacate judgments whenever such action is appropriate to accomplish justice.'" *Waters*, 223 Mont. at 187 (quoting *Klaprott v. United States*, 335 U.S. 601, 614-15, 69 S. Ct. 384 (1949)) (emphasis added). We further required that "before a party will be allowed to modify a final judgment under Rule 60(b)(6), he must first show that

10

none of the other five reasons in Rule 60(b) apply, and he must also demonstrate extraordinary circumstances in his case which justify relief." *Waters*, 223 Mont. at 187. This interpretation of the rule was echoed by our opinion in *Essex* and reaffirmed in *Green*. *Essex*, ¶ 21; *Green*, ¶ 35. *In re Marriage of Hopper*, 1999 MT 310, ¶ 21, 297 Mont. 225, 991 P.2d 960.

¶21 The O'Connells therefore may not obtain relief under Rule 60(b)(6) if their claim arises under one of the first five subsections of the Rule. *In re Marriage of Hopper*, 1999 MT 310, ¶ 21, 297 Mont. 225, 991 P.2d 960. As in *Hopper*, because we treat the O'Connells' claim as arising under Rule 60(b)(3), we will not consider their claim under Rule 60(b)(6).

¶22 As Rule 60(b)(6) is not available to the O'Connells if the circumstances underlying the default judgment are covered by subsection (1)-(5), we must initially determine whether the District Court slightly abused its discretion by construing the O'Connells' motion as most clearly advancing subsection (3). The O'Connells' motion never cited a specific subsection of Rule 60(b) as a basis for relief. Instead, the O'Connells largely focused on what they alleged were errors in the WLF's accounting and handling of their legal fees. The O'Connells also repeatedly referenced an alleged promise by a WLF bookkeeper that WLF would "drop the complaint" if the O'Connells paid in full. The O'Connells claimed that because they believed this alleged promise, WLF's continuation of the claim constituted fraud.

11

¶23    As noted, the court determined that this argument most clearly raised subsection (3) as a basis for relief.  We conclude that this was not an abuse of discretion, however slight.  The O'Connells' motion was utterly devoid of legal analysis or argument.  The only reference to Rule 60(b) consisted of block quotations of the rule.  The O'Connells never applied any subsection of the rule to the circumstances of the default judgment.[2]  However, the O'Connells did advance various allegations of fraud, misconduct, and misrepresentation by WLF to explain why they did not respond to WLF's complaint and to support granting relief from the default judgment.  These allegations most clearly align with subsection (3) of Rule 60(b), and it was not a slight abuse of discretion for the court to so construe the O'Connells' motion.

¶24    After identifying subsection (3) as the most likely basis for the O'Connells' motion, the District Court denied the availability of subsection (3) by concluding that the motion was untimely under the 2009 version of the rule.[3]

As noted, we review such conclusions of law for correctness.  *Estate of Donald*, ¶ 17.  The District Court applied the 2009 version of Rule 60(b) by looking to the language of M. R.

---

[2]  This lack of specificity arguably violated M. R. Civ. P. 7(b) (2009), which required that a motion for an order from a court shall "state with particularity" the grounds for seeking the order.  Mere recitation of rules or statutes without stating with particularity the precise facts or circumstances relied upon in reference to those rules may cause a motion to be inadequate or defective.  *See Montana Williams Double Diamond Corp. v. Hill*, 175 Mont. 248, 256, 573 P.2d 649 (1978).

[3]  Again, the 2009 version of the rule required motions based on Rule 60(b)(1)-(3) to be filed within 60 days.  The 2011 version allows one year.  The O'Connells filed their motion nine months after the default judgment.

12

Civ. P. 86 (2011). The 2011 version of Rule 86 provides the effective date of the new rules and amendments, and in relevant part provides:

> (a) In General. These rules and any amendments take effect at the time specified by the supreme court.[4] They govern:
>> (1) proceedings in an action commenced after their effective date; and
>> (2) proceedings after that date in an action then pending unless:
>>> (A) the supreme court specifies otherwise; or
>>> (B) the court determines that applying them in a particular action would be unfeasible or work an injustice.

The court determined that this language indicated that the 2011 version of Rule 60(b) would apply only to proceedings in new or pending actions. The court then determined that because the default judgment had been entered against the O'Connells on March 9, 2011, the action was neither new nor pending when the motion was filed on December 5, 2011. The court accordingly determined that the O'Connells' December 5 motion remained subject to the 2009 version of Rule 60(b) and was consequently untimely.

¶25 We conclude that the court's application of the 2009 version of Rule 60(b) was correct. A default judgment is a final decision of a court of law. *See Green*, ¶ 41. Once the default judgment was entered, there were no remaining or pending proceedings concerning WLF's claim against the O'Connells. While the O'Connells could, and did, file a Rule 60(b) motion seeking relief from the default judgment, this did not render the judgment any less final or cause the judgment to become pending. Rule 60(b) allows a party relief from a final judgment *if* the movant shows that one of the six subsections applies. This does not mean

---

[4] As noted above, we specified October 1, 2011 as the effective date of the 2011 rules in

13

that the filing of a Rule 60(b) motion by itself converts a final judgment into a pending proceeding. Rule 60(b) is an exception to the doctrine of finality of judgments only insofar as it allows relief from an otherwise final judgment "where a party was wronged through no fault of its own." *In re Marriage of Hopper*, ¶ 29. Because the default judgment became a final decision of the court when it was ordered on March 9, 2011, it was neither new nor pending when the 2011 version of Rule 60(b) came into effect on October 1, 2011. The court therefore correctly applied the language of Rule 86 (2011) to determine that Rule 60(b) (2009) applied to the O'Connells' motion. Further, because the O'Connells' apparent Rule 60(b)(3) motion was filed well after the 60 day time limit of the 2009 version of the rule, it was not a slight abuse of discretion for the court to deny the motion as untimely.

¶26 We recognize that the O'Connells represented themselves before both this Court and the District Court, and we generally seek to afford pro se litigants a certain amount of latitude. *Greenup v. Russell*, 2000 MT 154, ¶ 15, 300 Mont. 136, 3 P.3d 124. This latitude, however, cannot be so wide as to prejudice the other party, "and it is reasonable to expect all litigants, including those acting pro se, to adhere to procedural rules." *Greenup*, ¶ 15. The O'Connells did not file anything with the court for over a year after WLF filed the complaint. In doing so, the O'Connells ignored several deadlines and gave up opportunities to respond to WLF's allegations, and they did so at their own peril. It was not a slight abuse of discretion to hold the O'Connells, self-represented or not, to basic procedural deadlines. *See Greenup*, ¶¶ 13-15.

---

an April 26, 2011 order.

¶27 *2. Did the District Court err by awarding attorney fees and costs to the Wittich Law Firm, P.C.?*

¶28 The O'Connells claim the court erred by awarding attorney fees "without a motion AND absent any damages, and granted solely due to alleged breech [sic] of the written contract by refusal of payment." The O'Connells further claim that because the contract allows attorney fees for only "necessary" actions, the award should be reversed because the WLF's complaint wasn't necessary.

¶29 Montana generally follows the American rule that a party may not recover attorney fees in a civil action absent statutory or contractual authority. *Hughes v. Ahlgren*, 2011 MT 189, ¶ 13, 361 Mont. 319, 258 P.3d 439. Following this, we review a court's decision that legal authority exists to award attorney fees for correctness. *Hughes*, ¶ 10. Section 7 of the legal services contract clearly provided that "[f]ailure to pay [fees and costs incurred in the course of representation] will also subject you [the O'Connells] to all collection costs, including attorney fees, for any action necessary." Contractual authority for attorney fees undoubtedly existed. WLF therefore validly requested $808.80 in attorney fees incurred in pursuing the default judgment. This sum was correctly included in the March 3, 2011 order of default judgment. Whether or not the underlying action was "necessary" is not relevant to our review of the award. Similarly, the court properly awarded an additional $2,860.00 in attorney fees to WLF in its January 6 order, as these fees were likewise incurred in the course of pursuing the claim. Both awards came at the request of WLF and were based on sworn affidavits and accountings provided by WLF. Recognizing the clear language of the

15

legal services contract, and the O'Connells' failure to contest the calculation of either award, we conclude that the court did not abuse its discretion by granting attorney fees to WLF in either instance. Indeed, because the contract expressly allowed the award of attorney fees if WLF brought a claim to recover legal fees, the court lacked the discretion to deny the requests. *See Gibson*, ¶ 10; *Emmerson v. Walker*, 2010 MT 167, ¶ 20, 357 Mont. 166, 236 P.3d 598.

¶30     *3. Did the District Court err by denying the O'Connells' M. R. Civ. P. 59(e) and M. R. Civ. P. 60(b) motions seeking to either alter or set aside the court's earlier denial of the O'Connells' motion to vacate the entry of default judgment?*

¶31     The O'Connells finally attempt to raise issues with the District Court's March 20, 2012 order dismissing their January and February motions. The O'Connells did not include this order in their notice of appeal. Rule 4(4)(a), M. R. App. P., requires that a notice of appeal designate the final "judgment or order or part thereof from which appeal is taken." Following this, we will not consider an appeal from an order not designated in the notice of appeal. *See In re K.C.H.*, 2003 MT 125, ¶ 29, 316 Mont. 13, 68 P.3d 788; *Lewis v. Puget Sound Power & Light Co.*, 2001 MT 145, ¶ 27, 306 Mont. 37, 29 P.3d 1028. The O'Connells' appeal from the District Court's March 20, 2012 order denying their January and February motions is accordingly dismissed.

## CONCLUSION

¶32     The O'Connell's Rule 60(b) motion seeking relief from the default judgment was untimely, their legal services contract with WLF clearly provided for attorney fees and costs,

and consideration of the O'Connells' appeal of the court's March 20, 2012 order is barred by operation of Rule 4(4)(a), M. R. App. P. Affirmed.

/S/ MICHAEL E WHEAT

We concur:

/S/ JIM RICE
/S/ LAURIE McKINNON


Justice Beth Baker, concurring.

¶33    I concur in all respects in the Court's opinion, as the law and the contract between the parties permit no other conclusion. I regret, however, that what appears to be a dispute over less than a $100 balance on the O'Connells' attorney's fee bill mushroomed into years of litigation, a judgment of nearly $3,000 against the O'Connells, and consumption of considerable time and resources of the parties, the District Court, and now this Court.

¶34    "It is the policy of the Supreme Court of Montana to encourage the informal resolution of fee disputes between attorneys who practice law in Montana and their clients." Rule I, 1.1, Rules on Arbitration of Fee Disputes (2009) (R. Arb. F. D.). To that end, we have adopted rules on arbitration of fee disputes in those cases "where such informal resolution cannot be achieved." Rule I, 1.1, R. Arb. F. D. The Rules provide for arbitration of disputed amounts of $500.00 or more (Rule IV, R. Arb. F. D.). At the time the Wittich Law Firm filed suit against the O'Connells, the disputed amount exceeded this threshold. After O'Connells paid most of the charges within a month of being served with the

17

complaint, the remaining fees in dispute did not amount to $500.00. However, the threshold should not be read to suggest that lesser disputes ought to be litigated in court, but appears to imply that informal resolution of lower amounts should be feasible.

¶35 Here, though the Wittich Law Firm was within its contractual and legal rights to pursue its claim for unpaid fees, members of the Bar should keep in mind that their own interests, the interests of their clients, the administration of the court system, and the general public would be well-served by adhering to the Court's policy to resolve fee disputes without litigation.

/S/ BETH BAKER

Justice Patricia O. Cotter dissents.

¶36 TOTAL BALANCE CLAIMED UNDER FEE CONTRACT: $93.99.
TOTAL SUM OF JUDGMENTS FOR WLF: $5,019.79.
TOTAL ADDITIONAL FEES INCURRED ON APPEAL: ???

¶37 After O'Connells paid WLF over $2,100 against their outstanding attorney fee account, O'Connells disputed the claimed final balance of $93.99, alleging billing errors. WLF advised O'Connells to pay the disputed balance by December 10, 2010. However, unbeknownst to O'Connells, and while they were corresponding with WLF in an attempt to resolve this minor dispute, WLF secured a default against their clients on December 3, 2010. WLF then secured a default judgment for the disputed balance of $93.99, plus its costs and attorney fees in the sum of $808.80. Then, when O'Connells later moved to vacate the judgment, WLF charged—and the court entered judgment for—$2,860 in fees, representing a claimed 22 hours of attorney time expended in responding to the motion to vacate.

18

Although not mentioned in the Court's Opinion, the District Court entered yet another judgment in favor of WLF on April 20, 2012, in the sum of $1,257, in payment of additional charges claimed by WLF for time expended in responding to plaintiffs' motions for relief from court orders. Finally, though the Court again does not address this in its Opinion, WLF is seeking attorney fees and costs incurred in the appeal. I have little doubt that the firm will seek an assessment of these fees on remand.

¶38     In its brief to this Court, WLF faults O'Connells for their "refusal/inability to understand why a balance remained." It assails "O'Connells' continued ignorance of the law and misplaced sense of entitlement." In light of the financial carnage wreaked upon O'Connells for their refusal to pay a disputed $93, these affronts are incongruous.

¶39     The Court and the Concurrence are careful to note that WLF was within its contractual rights to exact the sums the District Court has ordered O'Connells to pay. Perhaps so. Nonetheless, I simply cannot join the Court in affirming this unconscionable result. I therefore dissent.

/S/ PATRICIA COTTER

19