
DA 13-0580

IN THE SUPREME COURT OF THE STATE OF MONTANA

2014 MT 23N

WITTICH LAW FIRM, P.C.,

       Plaintiff and Appellee,

  v.

VALERY ANN O'CONNELL AND
DANIEL O'CONNELL,

       Defendants and Appellants.

APPEAL FROM:    District Court of the Sixth Judicial District,
                In and For the County of Park, Cause No. DV-10-198
                Honorable Brenda Gilbert, Presiding Judge

COUNSEL OF RECORD:

       For Appellant:

           Daniel O'Connell, Valery O'Connell, self-represented; Emigrant, Montana

       For Appellee:

           Arthur V. Wittich, Carrie R. Wasserburger, Wittich Ogburn, P.C.; Bozeman,
           Montana

                        Submitted on Briefs:  January 15, 2014
                                   Decided:  January 28, 2014

Filed:

                          _____
                                      Clerk

Justice Michael E Wheat delivered the Opinion of the Court.

¶1      Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent.  Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2      Valery Ann O'Connell and Daniel O'Connell (the O'Connells) appeal from the Order of Montana Sixth Judicial District Court, Park County, denying their Motion to Vacate Default Judgment and Orders.  We affirm.

¶3      This controversy stems from $93.99 in legal fees the O'Connells failed to pay Wittich Law Firm (WLF).  In 2011, a default judgment was entered against the O'Connells, requiring them to pay $93.99 in unpaid legal fees, as well as interest and costs involved in recovering those fees, for a total of $902.79.  Roughly nine months after the entry of default judgment, the O'Connells, proceeding pro se, moved to vacate the judgment pursuant to M. R. Civ. P. 60(b).  The District Court denied the motion in 2012 and ordered the O'Connells to pay WLF's attorney fees and costs in the amount of $2,860.00.  The O'Connells did not object to the accounting of these costs and attorney fees, but later moved to alter or amend the judgment and requested a stay of the judgment.  The District Court denied those motions.  The O'Connells appealed to this Court and we affirmed the District Court's disposition of their motions and award of fees and costs.  *Wittich Law Firm, P.C. v. O'Connell*, 2013 MT 122, 370 Mont. 103, 304 P.3d 375.

¶4      On the heels of that decision, the O'Connells filed a motion in District Court, pursuant to M. R. Civ. P. 60(d)(3), to again try to vacate the default judgment and orders on the basis

2

that WLF had committed "fraud on the court." The District Court denied that motion, citing the doctrines of *res judicata*, law of the case, and waiver—and observing that the O'Connells had failed to establish fraud on the court, in any event. The O'Connells again appeal to this Court. In its answer brief, WLF requests attorneys' fees and costs incurred in responding to this appeal.

¶5     The standard of review in deciding whether a district court properly denied a motion to set aside judgment on the grounds of fraud depends upon the issues involved. *See In re Marriage of Hopper*, 1999 MT 310, ¶ 19, 297 Mont. 225, 991 P.2d 960. Where, as here, a district court's discretionary ruling is premised on a legal conclusion, our review is plenary. *Jacobsen v. Allstate Ins. Co.*, 2009 MT 248, ¶ 17, 351 Mont. 464, 215 P.3d 649.

¶6     Montana Rule of Civil Procedure 60(d)(3) provides that the rules governing relief from a judgment or order do not limit a court's power to "set aside a judgment for fraud on the court." As the District Court correctly determined, however, the O'Connells have failed to show fraud on the court. Thus, the instant motion is barred by the doctrines of *res judicata*, law of the case, and waiver.

¶7     The District Court correctly concluded that the O'Connells failed to establish fraud on the court. "Only the most egregious conduct will rise to the level of fraud upon the court." *Falcon v. Faulkner*, 273 Mont. 327, 332, 903 P.2d 197, 200 (1995). Intrinsic fraud— fraudulent representations or concealments made during the court proceedings—is not grounds for reopening a decree or judgment. *Falcon*, 273 Mont. at 332, 903 P.2d at 200. The power of a court to set aside a judgment on the basis of fraud upon the court must ultimately depend upon equitable principles and the sound discretion of the court. *In re Bad*

3

*Yellow Hair*, 162 Mont. 107, 111, 509 P.2d 9, 12 (1973) (overruled on other grounds by *In re Marriage of Miller*, 273 Mont. 286, 293, 902 P.2d 1019, 1023 (1995)). To the extent that the O'Connells have alleged fraud on the court, it is only intrinsic fraud and is not grounds for reopening a case we have already resolved. The District Court correctly declined to exercise its discretion to reopen this case.

¶8     Since the O'Connells have failed to establish fraud upon the court, the District Court correctly held that the instant motion is precluded by the doctrines of *res judicata*, law of the case, and waiver. *Res judicata* precludes parties from re-litigating claims they have already had an opportunity to litigate. *Kullick v. Skyline Homeowners Ass'n*, 2003 MT 137, ¶ 17, 316 Mont. 146, 69 P.3d 225. The doctrine applies if four factors are satisfied: (1) the parties or their privies are the same; (2) the subject matter of the present and past actions is the same; (3) the issues are the same and relate to the same subject matter; and (4) the capacities of the persons are the same in reference to the subject matter and to the issues between them. *Kullick*, ¶ 17. The doctrine of law of the case also precludes parties from re-litigating issues that this Court has already resolved. *In re Estate of Snyder*, 2009 MT 291, ¶ 6, 352 Mont. 264, 217 P.3d 1027. Although the O'Connells claim they did not discover until after the first appeal that WLF had premised its pleadings upon the existence of a written contract, the O'Connells presumably read the pleadings and were aware of whether or not they had signed the contract. If the O'Connells wished us to set aside the default judgment pursuant to M. R. Civ. P. 60(d)(3), they should properly have raised that argument in the previous action. The District Court correctly concluded that both *res judicata* and the law of the case doctrine apply to preclude the O'Connells' motion.

4

¶9      Even if *res judicata* and the law of the case doctrine did not apply, the District Court correctly determined that the doctrine of waiver would bar the O'Connells' motion.  The O'Connells' allegation of fraud is operatively an affirmative defense.  The same failure to appear that resulted in entry of the default judgment effectively waived the O'Connells' right to raise fraud on the court as an affirmative defense.  *See Loney v. Milodragovich, Dale & Dye, P.C.*, 273 Mont. 506, 511, 905 P.2d 158, 161 (1995) (affirmative defenses are generally waived if not plead, pursuant to M. R. Civ. P. 8(c)).

¶10     Justice Baker, in her concurring opinion to our original resolution of this controversy, wrote of her regret that the time and costs involved with recovering this originally insignificant bill had "mushroomed" over years of litigation.  *Wittich Law Firm, P.C.*, ¶ 33 (Baker, J. concurring).  The current appeal, unfortunately, exacerbates this problem.  We exercise our discretion pursuant to M. R. App. P. 19(3)(a), to decline WLF's request that we grant WLF "reasonable" attorneys' fees and costs.  The O'Connells have already been held accountable for "reasonable" attorneys' fees in the amount of at least $5,019.79, *see Wittich Law Firm, P.C.*, ¶ 36 (Cotter, J. dissenting), related to WLF's efforts to recover the $93.99 the O'Connells originally owed WLF.

¶11     We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for noncitable memorandum opinions.  The issues in this case are controlled by the statutes and precedent, which the District Court correctly interpreted and applied.

¶12     Affirmed.

/S/ MICHAEL E WHEAT

5

We Concur:

/S/ JIM RICE
/S/ PATRICIA COTTER
/S/ BETH BAKER
/S/ LAURIE McKINNON