No. 02-159

IN THE SUPREME COURT OF THE STATE OF MONTANA

2003 MT 337

THE STATE OF MONTANA, ACTING
BY AND THROUGH MONTANA
DEPARTMENT OF TRANSPORTATION,

Plaintiff and Respondent,

v.

HUGO J. ASBECK, JR., and ELAINE ASBECK,
Husband and Wife; with FEDERAL LAND BANK
OF SPOKANE, as Mortgagee,

Defendants and Appellants.

APPEAL FROM: District Court of the Seventh Judicial District,
In and for the County of Richland, Cause No. 02-14694
The Honorable Richard G. Phillips, Judge presiding.

COUNSEL OF RECORD:

For Appellants:

Mike Weber, Attorney at Law, Sidney, Montana

For Respondent:

Edward G. Beaudette, Department of Transportation, Timothy W. Reardon,
Department of Transportation, Helena, Montana

Submitted on Briefs: July 31, 2002

Decided: December 11, 2003

Filed:

_____
Clerk

Justice James C. Nelson delivered the Opinion of the Court.

¶1	Hugo J. Asbeck, Jr. and Elaine Asbeck (the Asbecks) appeal the judgment of the Seventh Judicial District Court, Richland County, ordering that the State of Montana Department of Transportation (the DOT) to pay interest on only $7,187 of the remaining $24,780 settlement paid to the Asbecks.

¶2	We reverse and remand for proceedings consistent with this Opinion.

¶3	We address the following issue on appeal:

¶4	Did the District Court err in determining that the DOT only had to pay interest on $7,187 of the $24,780 remaining settlement paid to the Asbecks?

### FACTUAL AND PROCEDURAL BACKGROUND

¶5	The DOT filed a condemnation action against the Asbecks in connection with a highway construction project. On July 22, 1985, as part of this litigation, the DOT and the Asbecks executed a stipulation, and, ultimately, a Montana Department of Transportation Right-of-Way Agreement, whereby all but one issue was resolved.

¶6	The one remaining issue concerned the interest owed to the Asbecks. The pertinent part of the stipulation reads as follows:

> That Defendants hereby stipulate to the Court entering an order putting Plaintiff into possession upon deposit of $11,000.00 into Court for the benefit of the Defendants, and Plaintiff hereby stipulates that the Defendants may withdraw the entire deposit. Pursuant to Section 70-30-302, MCA, Plaintiff will pay interest on the final award or settlement from the date of service of summons (March 14, 1985) until the date of withdrawal by the Defendants at the rate of 10% per annum. If the Defendants withdraw more than the final award or settlement, they will be required to return the excess amount plus interest from the date of the withdrawal pursuant to Section 70-30-311(4), MCA. If the final amount is more than the amount withdrawn, Plaintiff will pay interest on the excess from the date of service of summons as provided by statute.

¶7	The agreed upon compensation owed the Asbecks was $35,780. The DOT immediately paid $11,000, which left an amount of $24,780 remaining. The DOT deposited

2

$24,708^{1}$ with the District Court, which was dispersed to the Asbecks on January 22, 2001.

¶8     On April 5, 2001, the District Court ordered the DOT to pay the Asbecks interest on $7,187 (the amount of land leveling costs) of the $24,780 total amount, which the DOT paid.

¶9     The Asbecks appeal the District Court's April 17, 2001 order.

## STANDARD OF REVIEW

¶10    The District Court grounded its decision in § 70-30-302, MCA.  The interpretation of a contract is a question of law for the court to decide.  *Ophus v. Fritz*, 2000 MT 251, ¶ 19, 301 Mont. 447, ¶ 19, 11 P.3d 1192, ¶ 19.  We review questions of statutory interpretation and application for correctness.  *Nelson v. Farmers Union Mut. Ins. Co.*, 2003 MT 101, ¶ 26, 315 Mont. 268, ¶ 26, 68 P.3d 689, ¶ 26.

## DISCUSSION

¶11    **Did the District Court err in determining that the DOT only had to pay interest on $7,187 of the $24,780 remaining settlement paid to the Asbecks?**

¶12    The Asbecks argue that the District Court misinterpreted the stipulation by incorrectly applying to the stipulation the statutory language of § 70-30-302(1), MCA.  This language targets the assessment of compensation in a condemnation case.  The Asbecks assert this section of the statute is inapplicable given that the stipulation targets the payment of interest. Consequently, the Asbecks maintain that the District Court should have applied the statutory language of § 70-30-302(2), MCA, to the stipulation, as that language targets precisely the payment of interest.

¶13    The DOT counters that the District Court correctly applied § 70-30-302(1), MCA, as

---

[1] While the stipulated amount owed to the Asbecks was $24,780, the record reflects that the DOT deposited $24,708, the seeming result of a typographical error.

3

the intent of § 70-30-302, MCA, in general, is to define what constitutes compensation under the eminent domain statutes. In effect, the DOT maintains that to require it to pay interest on the full $24,780 is to compensate the Asbecks for items that do not meet the statutory definition of compensation.

¶14 The District Court's decision states that it is grounded in § 70-30-302(2), MCA. Notwithstanding, it also appears that the District Court was actually applying § 70-30-301(1), MCA.

¶15 Section 70-30-302, MCA, states:

(1) For the purpose of assessing compensation, the right to compensation is considered to have accrued at the date of the service of the summons, and the property's current fair market value as of that date is the measure of compensation for all property to be actually taken and the basis of depreciation in the current fair market value of property not actually taken but injuriously affected.

(2) If an order is made allowing the condemnor to take possession . . . the full amount finally awarded must draw interest at the rate of 10% a year from the date of the service of the summons to the earlier of the following dates:
(a) the date on which the right to appeal to the Montana supreme court expires or, if an appeal is filed, the date of final decision by the supreme court; or
(b) the date on which the condemnee withdraws from the court the full amount finally awarded.

(3) If the condemnee withdraws from the court a fraction of the amount finally awarded, interest on that fraction ceases on the date it is withdrawn but interest on the remainder of the amount finally awarded continues to the earlier of the dates referred to in subsections (2)(a) and (2)(b) until the full amount is withdrawn from the court.

¶16 We assume that in entering into the stipulation, both the Asbecks and the DOT sought to protect their respective interests. *Smith v. School Dist. No. 18, Pondera County* (1943), 115 Mont. 102, 116, 139 P.2d 518, 523 (it is assumed that each party, in entering into a

contract, protects his interests and insists on his rights), *overruled on other grounds by Massey v. Argenbright* (1984), 211 Mont. 331, 337, 683 P.2d 1332, 1335.

¶17 Our review of the District Court's decision leads us to conclude that the District Court erred in applying the statute to the exclusion of the actual stipulation language to which the parties agreed.

¶18 We have repeatedly held that "[w]here the words [of a contract] are clear, certain, and unambiguous, the language alone [of the contract] controls." *Morning Star Enterprises v. R.H. Grover* (1991), 247 Mont. 105, 111, 805 P.2d 553, 557. An ambiguity exists where the wording of the contract, taken as a whole, is reasonably subject to two different interpretations. *Lemley v. Bozeman Community Hotel Co.* (1982), 200 Mont. 470, 474, 651 P.2d 979, 981. Hence, in interpreting a written contract, the intention of the parties is ascertained "first and foremost" from the writing alone. *Morning Star Enterprises*, 247 Mont. at 111, 805 P.2d at 557.

¶19 Here, the pertinent language of the stipulation does not refer to compensation. Rather, it refers to the payment of interest on the final award of settlement. Specifically, the DOT agreed pursuant to § 70-30-302, MCA, to "pay interest *on the final award or settlement* from the date of service of summons (March 14, 1985) until the date of withdrawal by the Defendants at the rate of 10% per annum." [Emphasis added.] This language is clear and unambiguous. If the DOT had wanted to limit its obligation to pay interest on statutorily defined compensation, then it should have included the limiting language in the stipulation. The plain language of the stipulation requires the DOT to pay interest on the excess of the final settlement award, with the interest to be paid from the date of the service of summons to the date of withdrawal. There is no reason for the courts to narrow the language of the

5

stipulation by application of a statutory definition when the parties chose not to do so themselves.

¶20    We hold that the District Court erred in requiring the DOT to pay interest on only $7,187 of the $24,780 final settlement.  We remand this case to the District Court with instructions to enter an order requiring the DOT to pay interest, from March 14, 1985, to January 22, 2001, on the entire final settlement, with credit for interest and payments already made.

¶21    Reversed and remanded for proceedings consistent with this Opinion.

/S/ JAMES C. NELSON

We Concur:

/S/ KARLA M. GRAY
/S/ PATRICIA COTTER
/S/ W. WILLIAM LEAPHART

[end]