Justice Ingrid Gustafson delivered the Opinion of the Court.
***184 ¶1 Defendants/Appellants/Cross-Appellees Bruce Patterson, LeRoy Lepley, and Bill Griffin (Appellants) appeal the Order on Plaintiff's Motion for Judgment on the Pleadings issued by the Montana Eleventh Judicial District Court, Flathead County, on July 8, 2016. Plaintiff/Appellee/Cross-Appellant Kalispell Aircraft Company, LLC (KAC) cross-appeals a series of orders made by the District Court which, in relevant part, denied KAC's Motion in Limine, sanctioned KAC, and denied KAC's Motion for Pre-Judgment Interest.
¶2 We restate the issues on appeal as follows:
1. Did the District Court err when it granted KAC's Motion for Judgment on the Pleadings?
2. Did the District Court err when it denied KAC's Motion in Limine?
3. Did the District Court err when it sanctioned KAC?
4. Did the District Court err when it denied KAC's Motion for Pre-Judgment Interest?
¶3 We affirm.
***185 FACTUAL AND PROCEDURAL BACKGROUND
¶4 On August 28, 2013, KAC and the Appellants signed a written Agreement for Sale of Aircraft (Agreement), in which the Appellants contracted to purchase a 1973 pressurized Cessna Skymaster 337 (Skymaster) from KAC for $ 90,000. The Agreement stated, in relevant part, that:
Buyers shall have thirty (30) days from the date of this Agreement to complete any reasonable inspection, whether pre-buy, flight inspection, etc. If Buyers note any discrepancies which KAC is unable to reasonably remedy, then Buyers shall have an absolute right to withdraw from this Agreement with no penalty or obligation.
The Appellants initially scheduled an inspection of the aircraft, but then informed KAC on September 12, 2013, without conducting an inspection, that they would not be purchasing the Skymaster as they were financially unable to obtain insurance. KAC ultimately sold the Skymaster to a different buyer on December 6, 2013, for $ 65,000.
¶5 On September 11, 2014, KAC filed its Amended Complaint in this matter, suing the Appellants for breaching the August 2013 Agreement to purchase the Skymaster. After the Appellants filed their Answer, KAC filed a Motion for Judgment on the Pleadings, which the District Court granted on July 8, 2016, finding the Appellants liable for breaching the Agreement. The Appellants appealed the District Court's ruling to this Court on August 4, 2016, but later stipulated to dismissal of their appeal without prejudice. This Court dismissed the appeal pursuant to that stipulation on September 22, 2016.
¶6 When the case returned to the District Court, KAC filed a Motion for Summary Judgment regarding damages. The District Court denied KAC's motion on April 21, 2017, finding that the amount of KAC's damages *1104 attributable to the Appellants was uncertain because KAC was currently engaged in separate litigation with an unrelated party for breach of contract regarding that party's contract for purchase of the Skymaster at issue in this case. The District Court further found that there were disputed issues of material fact concerning KAC's mitigation of damages and that KAC was not entitled to prejudgment interest.
¶7 On April 27, 2017, the District Court issued a scheduling order which set the close of discovery on July 27, 2017. The parties then began to discuss amongst themselves an agreement to extend discovery. Counsel for the Appellants suggested that she would be open to extending the discovery deadline to the end of August if KAC would agree to an early settlement conference. Counsel for KAC responded ***186 that the parties were "[g]ood to go" on extending the discovery deadline, but the parties did not agree to an early settlement conference.
¶8 KAC served the Appellants with its first discovery requests on July 11, 2017-fewer than 30 days before the close of discovery. Because KAC's discovery requests did not provide adequate time to respond before the close of discovery, the Appellants did not answer KAC's discovery requests. On February 12, 2018, KAC filed a motion in limine which sought, in relevant part, to deem Requests for Admission 1-4 of the Plaintiff's first discovery requests as admitted, because the Appellants did not answer within 30 days. In its motion in limine, KAC claimed that "[Appellants] requested and were given an extension until the end of August 2017 to complete all discovery." KAC attached two June 27, 2017 emails to its motion as an exhibit. In the exhibit, counsel for the Appellants asks if counsel for KAC would "agree to informally extend the discovery deadline to end of August with the idea that we'd get settlement conference in by end of July?" Counsel for the Appellants explains her position for possibly extending discovery and completing the settlement conference early so that the parties would not need to put time and energy into completing discovery requests when the matter may settle, and then asks for KAC's counsel's thoughts on the suggestion. Counsel for KAC simply responds "[g]ood to go on informally extending discovery until the end of August[,]" and then lists several conditions for a possible settlement conference. After the Appellants responded to KAC's motion in limine and asserted that KAC had misrepresented to the District Court whether there was an agreement to extend discovery, KAC supplemented the record with further email correspondence between the parties.
¶9 The District Court reviewed the supplemented record provided by KAC and determined that KAC either "did not diligently investigate the correspondence with opposing counsel before filing the [motion in limine], which would have shown there was a dispute concerning whether there had been a discovery extension; or ... knew of the dispute and intentionally omitted it from the [motion in limine]." The District Court determined that KAC had been dishonest and denied KAC's motion in limine. The District Court further ordered KAC to pay the Appellants' expenses incurred in opposing the motion, including attorney fees, as a sanction.
¶10 On March 21, 2018, the parties filed a Stipulation to Vacate Trial and Regarding Damages (Stipulation). The Stipulation, in relevant part, stated that "Defendants stipulate to damages in the amount of ***187 $ 25,791.00, less the forthcoming award for attorneys' fees and costs under the Court's Order on Plaintiff's Motion in Limine." The Stipulation further noted that the issue of prejudgment interest on the "stipulated damage amount" was a matter of law for the District Court to decide. On March 22, 2018, the District Court issued an Order Vacating Trial and Approving and Adopting Stipulation. After the parties briefed the prejudgment interest issue, the District Court issued an Order on Plaintiff's Motion for Pre-Judgment Interest on May 16, 2018, which denied KAC prejudgment interest. On May 31, 2018, the District Court issued its Findings of Fact, Conclusions of Law and Order on Defense Counsel's Amended Affidavit of Attorney's Fees, which ordered KAC to pay the Appellants $ 980 in attorney fees incurred responding to KAC's motion in limine. The District Court issued its Judgment on June 11, 2018, which awarded *1105 KAC $ 25,791 and the Appellants $ 980. The parties cross-appeal.
STANDARD OF REVIEW
¶11 We review a district court's decision on a motion for judgment on the pleadings pursuant to M. R. Civ. P. 12(c) de novo to determine if the court's decision was correct. Firelight Meadows, LLC v. 3 Rivers Tel. Coop., Inc. , 2008 MT 202, ¶ 12, 344 Mont. 117, 186 P.3d 869.
¶12 We review a district court's imposition of sanctions for discovery abuses for an abuse of discretion. Cox v. Magers , 2018 MT 21, ¶ 13, 390 Mont. 224, 411 P.3d 1271 (citing Schuff v. A.T. Klemens & Son , 2000 MT 357, ¶ 27, 303 Mont. 274, 16 P.3d 1002 ). A district court abuses its discretion when it acts arbitrarily, without employment of conscientious judgment, or exceeds the bounds of reason resulting in substantial injustice. Sullivan v. Cherewick , 2017 MT 38, ¶ 10, 386 Mont. 350, 391 P.3d 62.
¶13 A district court's denial of prejudgment interest is a question of law, which we review for correctness. Ryffel Family P'ship v. Alpine Country Constr., Inc. , 2016 MT 350, ¶ 21, 386 Mont. 165, 386 P.3d 971.
DISCUSSION
¶14 1. Did the District Court err when it granted KAC's Motion for Judgment on the Pleadings?
¶15 A motion for judgment on the pleadings "is properly granted when, taking all of the well-pleaded factual allegations in the nonmovant's pleadings as true, the material facts are not in dispute and the moving party is entitled to judgment as a matter of law." Firelight Meadows , ¶ 11. A district court may convert a motion for judgment on the ***188 pleadings to one for summary judgment if matters outside the pleadings are presented to and not excluded by the court. M. R. Civ. P. 12(d).
¶16 After the Appellants filed their Answer to KAC's Amended Complaint in this matter, KAC moved for judgment on the pleadings regarding the Appellants' liability for breach of contract. The District Court found the Appellants liable for breaching the Agreement to purchase the Skymaster and granted KAC's Motion for Judgment on the Pleadings. The relevant language of the Agreement states:
Buyers shall have thirty (30) days from the date of this Agreement to complete any reasonable inspection, whether pre-buy, flight inspection, etc. If Buyers note any discrepancies which KAC is unable to reasonably remedy, then Buyers shall have an absolute right to withdraw from this Agreement with no penalty or obligation.
The District Court found that the Appellants did not complete an inspection within 30 days and therefore breached the Agreement by withdrawing.
¶17 The interpretation of a written contract is a question of law, which we review to determine whether the district court's interpretation is correct. King Res., Inc. v. Oliver , 2002 MT 301, ¶ 18, 313 Mont. 17, 59 P.3d 1172 (citing Eschenbacher v. Anderson , 2001 MT 206, ¶ 21, 306 Mont. 321, 34 P.3d 87 ). Where a contract has been reduced to writing, the intention of the parties is to be ascertained, if possible, from the writing alone. Section 28-3-303, MCA ; Estate of Irvine v. Oaas , 2013 MT 271, ¶ 22, 372 Mont. 49, 309 P.3d 986. "If the terms of a contract are unambiguous, a court must apply the language of the contract as written." Estate of Irvine , ¶ 22 (citing State v. Asbeck , 2003 MT 337, ¶ 18, 318 Mont. 431, 80 P.3d 1272 ). A court may only turn to extrinsic evidence when an ambiguity exists. Rich v. Ellingson , 2007 MT 346, ¶ 15, 340 Mont. 285, 174 P.3d 491 (citation omitted).
¶18 Essentially, the Appellants argue that two words in the Agreement are ambiguous-"etc." and "discrepancies"-and therefore the District Court erred by not considering extrinsic evidence. The District Court found that the language of the Agreement was "clear and unambiguous" and thus the Appellants' proffered interpretation of the Agreement was unreasonable. We agree with the District Court.
¶19 The Appellants fault the District Court for not specifically addressing the *1106 use of "etc." in the Agreement when it determined that the language was unambiguous. The definition of etc. is "[a]nd other things" and it is usually used to indicate "additional, unspecified items in a series." Et cetera , Black's Law Dictionary (10th ed. 2014). The ***189 Agreement stated that the Appellants had 30 days to conduct "any reasonable inspection, whether pre-buy, flight inspection, etc." In the Agreement, "etc." follows a series of ways to conduct an inspection of an airplane. The District Court correctly found that the subject of the Agreement's "reasonable inspection" clause could be nothing other than the Skymaster itself. The Appellants withdrew from the Agreement after discovering that they were unable to financially secure insurance-they never performed any inspection of the aircraft itself.
¶20 Relatedly, the Appellants further claim that the use of the term "discrepancies" makes the Agreement ambiguous because the sentence in which "discrepancies" is used does not explicitly state to what "discrepancies" is referring "which makes it impossible for there to be a disagreement or variance at all." "The whole of a contract is to be taken together so as to give effect to every part if reasonably practicable, each clause helping to interpret the other." Section 28-3-202, MCA. The sentence in which "discrepancies" is used immediately follows the sentence about conducting an inspection of the aircraft. Reading the contract as a whole, the only thing to which "discrepancies" could refer is the inspection of the aircraft. Any other interpretation of the contract is unreasonable, and as previously noted, the Appellants did not conduct an inspection of the aircraft.
¶21 The language of the Agreement was clear and unambiguous, and therefore the District Court correctly excluded extrinsic evidence when interpreting the Agreement. The Appellants breached the Agreement to purchase the Skymaster by withdrawing without conducting an inspection and the District Court correctly granted KAC's Motion for Judgment on the Pleadings.
¶22 2. Did the District Court err when it denied KAC's Motion in Limine?
¶23 "District courts are better positioned than we are to evaluate the conduct and good faith of parties during discovery, and as such they enjoy considerable leeway in sanctioning discovery abuses." Peterman v. Herbalife Int'l, Inc. , 2010 MT 142, ¶ 23, 356 Mont. 542, 234 P.3d 898 (citations omitted). We regard with favor a district court's imposition of sanctions for failure to comply with discovery procedures because the price for dishonesty must be made unbearable to thwart the temptation that zealous advocacy inspires. Richardson v. State , 2006 MT 43, ¶ 56, 331 Mont. 231, 130 P.3d 634 (citations omitted). A district court possesses inherent power to sanction willful or reckless conduct. Boushie v. Windsor , 2014 MT 153, ¶ 19, 375 Mont. 301, 328 P.3d 631.
¶24 KAC argues that a contract to extend the discovery deadline was created when it responded to Appellants' counsel's email proposing an ***190 extension with "[g]ood to go on informally extending discovery until the end of August." The Appellants argue that no contract to extend discovery existed because the Appellants merely made an offer with conditions and the conditions were not met. The District Court reviewed all the correspondence submitted by KAC and found that there was not a contract between the parties to extend the discovery deadline. We agree.
¶25 "A contract condition is the subsequent occurrence of a specific uncertain act, event, or circumstance.... A condition precedent to contract formation is a specific condition, usually an extraneous event or circumstance or third-party act, the occurrence upon which the reciprocal promises constituting the contract consideration depend." Davidson v. Barstad , 2019 MT 48, ¶ 20, 395 Mont. 1, 435 P.3d 640 (citations omitted). "The failure or non-satisfaction of a condition precedent to contract formation renders the contemplated contract non-existent as never formed and thus non-binding and unenforceable." Davidson , ¶ 21 (citing Thompson v. Lithia Chrysler Jeep Dodge of Great Falls , 2008 MT 175, ¶ 22, 343 Mont. 392, 185 P.3d 332 ).
*1107 ¶26 In this case, the parties corresponded regarding a possible extension of discovery. The Appellants conditionally offered to extend discovery if conditions regarding an early settlement conference were met. Those conditions were never met, and thus there was no contract to extend discovery among the parties. KAC argues that the reason the settlement conference did not occur within the time suggested by Appellants is due to the Appellants' failure to abide by the pre-existing conditions regarding settlement conferences imposed by the Eleventh Judicial District's Standing Order (Standing Order) regarding settlement conferences. This argument is unpersuasive. The Appellants, three men residing in Indiana, understandably wished to attend the early settlement conference by video rather than incur the presumably large expenses involved in traveling to Kalispell. KAC insisted on the personal attendance of at least one of the Appellants, if he had full authority to settle, or the personal attendance of all three if the Appellants did not give one man ultimate settlement authority. The Appellants used conditional language when offering a discovery extension, indicating that certain conditions regarding the early settlement conference must be met before they would agree to actually extend discovery, and the Standing Order does not completely prohibit parties from virtually attending settlement conferences, merely stating that "requests to excuse personal attendance will not be entertained without exceptional justification." Presumably an agreement to video ***191 attendance among the parties and the distance and expense involved in traveling could meet the Standing Order's "exceptional justification" standard. Indeed, the parties continued to negotiate on which Appellants were personally required to attend the settlement conference until mere days before the settlement conference actually occurred in November 2017. Because the parties never met the conditions of the Appellants' offer, no contract to extend the discovery deadline existed.
¶27 KAC either willfully or negligently misrepresented to the District Court the existence of an agreement among the parties to extend the discovery deadline until the end of August 2017. Because there was no agreement to extend the discovery deadline, the District Court correctly denied KAC's motion in limine.
¶28 3. Did the District Court err when it sanctioned KAC?
¶29 In addition to denying KAC's motion in limine and preventing KAC from using any of its first discovery requests at trial, the District Court further ordered KAC to pay the Appellants' attorneys' fees and costs incurred in responding to the motion. We review the sanctions imposed by a district court to determine if they are "roughly proportionate to the gravity of the abuse and the inconvenience visited upon other parties and the district court." Peterman , ¶ 23.
¶30 In this case, the District Court found that KAC had either willfully or recklessly misrepresented the existence of an agreement to extend the discovery deadline. As discussed in Issue 2, the District Court was correct in its analysis regarding KAC's misrepresentations toward the court. The District Court's sanction of $ 980 in attorney fees and costs is reasonable with regard to KAC's conduct in this matter, and therefore will not be disturbed.
¶31 4. Did the District Court err when it denied KAC's Motion for Pre-Judgment Interest?
¶32 When a prevailing plaintiff's amount of recovery is capable of being made certain by calculation, that plaintiff is statutorily entitled to prejudgment interest under § 27-1-211, MCA. Ryffel Family P'ship , ¶ 35 (citing Mont. Petroleum Tank Release Comp. Bd. v. Crumleys, Inc. , 2008 MT 2, ¶ 99, 341 Mont. 33, 174 P.3d 948 ). There are three requirements under the prejudgment interest statute: (1) an underlying monetary obligation must exist; (2) the amount of recovery must be capable of being made certain; and (3) the right to recover must vest on a particular day. Petroleum Tank , ¶ 99 (citing Albers v. Bar ZF Ranch, Inc. , 229 Mont. 396, 408, 747 P.2d 1347, 1354 (1987) ). An award of prejudgment interest is inappropriate when the damages at issue are uncertain or disputed.
*1108 Ryffel Family P'ship , ¶ 35 (citing ***192 Petroleum Tank , ¶ 99 ).
¶33 After the Appellants breached the Agreement to buy the Skymaster, KAC attempted to find a new buyer for the airplane. On December 6, 2013, KAC sold the Skymaster to a different buyer for $ 65,000, which is $ 25,000 less than the $ 90,000 purchase price agreed to by the Appellants in the Agreement. Between September 28, 2013, and December 6, 2013, KAC also incurred $ 791 in hangar storage fees for the Skymaster. KAC asserts that it is therefore entitled to prejudgment interest on a total damage amount of $ 25,791 beginning on December 6, 2013. The District Court twice denied KAC prejudgment interest in this case-first denying KAC's motion for summary judgment regarding damages, which included a request for prejudgment interest, and later denying KAC's motion for prejudgment interest.
¶34 In this case, the parties filed a Stipulation on March 21, 2018. The Stipulation, in relevant part, stated that "Defendants stipulate to damages in the amount of $ 25,791.00, less the forthcoming award for attorneys' fees and costs under the Court's Order on Plaintiff's Motion in Limine." KAC argues that since the Appellants ultimately stipulated to the same numerical amount of damages as KAC claimed, that the amount of recovery has been certain since December 6, 2013. We disagree. The plain language of the Stipulation provides that damages in this matter are "$ 25,791.00, less the forthcoming award for attorneys' fees and costs " (emphasis added). The parties therefore stipulated that damages were not certain until after the District Court issued its attorneys' fees and costs award. KAC argues that, at a minimum, damages were certain when the District Court issued its May 16, 2018 Order on Plaintiff's Motion for Pre-Judgment Interest, because the District Court already had the Appellants' unopposed amended attorneys' fees affidavit. The District Court was not bound to order attorneys' fees in the amount claimed in the affidavit simply because they were uncontested. The District Court's award of attorneys' fees as a sanction was a purely discretionary act, and it could not be completed until the District Court used its discretion to award said fees. That the District Court ultimately awarded the amount claimed by the Appellants is irrelevant because a district court's sanction is not certain until it is issued. Because the damages were not certain, KAC was not entitled to prejudgment interest. Ryffel Family P'ship , ¶ 35.
¶35 Because we have determined the District Court correctly denied KAC's Motion for Pre-Judgment Interest on the grounds that the amount of recovery was not capable of being made certain, we need not ***193 reach the Appellants' arguments regarding the law of the case doctrine.
CONCLUSION
¶36 The District Court did not err when it granted KAC's Motion for Judgment on the Pleadings, when it denied KAC's Motion in Limine, when it sanctioned KAC, or when it denied KAC's Motion for Pre-Judgment Interest.
¶37 Affirmed.
We concur:
MIKE McGRATH, C.J.
JIM RICE, J.
DIRK M. SANDEFUR, J.
BETH BAKER, J.