FILED

03/25/2020

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 19-0329

DA 19-0329

IN THE SUPREME COURT OF THE STATE OF MONTANA

2020 MT 63N

MICHAEL LITWIN, COLUMBIA-BUFFREY INVESTMENTS, INC.,
and CHODOS INVESTMENTS, LTD,

        Plaintiffs, Appellees,
        and Cross-Appellants,

    v.

THE O.T. MINING CORPORATION, a Montana Corporation,
ROSEMARY L. CHRISTENSEN, ARTHUR SELIGMAN,
THOMAS H. FITZGERALD, JR., PIERE YVES LE DILICOCQ
and JOHN DOES NOS. 1-20,

        Defendants and Appellants.

APPEAL FROM:    District Court of the Fifth Judicial District,
                    In and For the County of Jefferson, Cause No. DV-2015-50
                    Honorable Luke Berger, Presiding Judge

COUNSEL OF RECORD:

        For Appellants:

                John C. Doubek, Doubek, Pyfer & Storrar, PC, Helena, Montana

        For Appellees:

                Frederick F. Sherwood, Morrison, Sherwood, Wilson & Deola, PLLP,
                Helena, Montana

                              Submitted on Briefs:  February 5, 2020
                                    Decided:  March 24, 2020

Filed:

                                _____
                                           Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent.  Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2     The O.T. Mining Corporation ("OTMC") appeals a September 26, 2018 Default Judgment entered in Montana's Fifth Judicial District Court in favor of Michael Litwin, et al. ("Litwin Group").  OTMC also appeals the District Court's January 9, 2019 order denying its motion to vacate default judgment.  The Litwin Group cross-appeals a May 7, 2019 Amended Judgment removing prejudgment interest from the judgment.  We affirm.

¶3     In February 2014, the Litwin Group, whose members are residents of Quebec, Canada, signed voting and investment agreements for the purchase of $375,000 in stock shares in OTMC[1] stock, subject to a one-year trading restriction.  At the time of the purchase, OTMC had in its possession a letter from the Autorite des Marches Financiers ("AMF"),[2] received in December 2013, notifying OTMC that a Cease Trade Order was pending.  OTMC did not disclose the letter to the Litwin Group prior to the investment or that the Cease Trade Order would be issued to all shares of Quebec residents.  In July

---

[1] OTMC is a junior mining company operating in Canada and Montana.  OTMC's only equity in Montana is patented and unpatented mining claims located in Jefferson County.  Junior mining companies generally do not mine ore, but instead, acquire undeveloped prospects and expend sums to acquire scientific data to advance the property to audited reserves, then sell these reserves to a major company with sufficient capital to undertake commercial mining operations.

[2] AMF is equivalent to the Securities and Exchange Commission in Quebec, Canada.

2

2014, the Cease Trade Order became permanent, preventing Quebec residents from trading shares of the company, thus rendering Litwin's OTMC shares arguably valueless and illiquid.

¶4 In June 2015, the Litwin Group filed a Complaint and Application for Appointment of a Receiver in District Court, alleging: (1) fraud and fraudulent inducement; (2) negligent misrepresentation; (3) rescission; (4) breach of contract; and (5) breach of fiduciary duty. In July 2015, OTMC retained Robert Cummins, a Montana attorney, as counsel. In March 2017, the Litwin Group filed a motion for summary judgment on all counts of the complaint. In August 2017, the District Court granted the Litwin Group's motion against OTMC for breach of contract and granted requests for sanctions against OTMC for discovery abuses for failure to comply with scheduled depositions.

¶5 On February 21, 2018, the District Court issued a scheduling order setting a final pretrial conference for August 15, 2018, and a trial date of September 26, 2018. On July 27, 2018, Cummins sought to withdraw from representing OTMC because OTMC had not paid Cummins since May 2017.[3] The court ordered OTMC or its new counsel to appear at the final pretrial conference on August 15.

---

[3] In July 2017, OTMC signed a consent form stating that Cummins could withdraw from representing OTMC if he were not paid in full by September 2017. Cummins's July 27, 2018 motion to withdraw indicated that he had not been paid since May 2017. OTMC never alerted to the court or the Litwin Group Cummins's potential withdrawal. In August 2018, the Litwin Group discovered that in May 2018, Cummins sued OTMC for unpaid fees in Lewis and Clark County District Court. On June 28, 2018, Cummins obtained a default judgment against OTMC for $55,405 in unpaid fees. For whatever reason, Cummins continued to represent OTMC in the present action until July 27, 2018. Cummins subsequently filed his default judgment in Jefferson County, where it became a judgment lien on the real property owned by OTMC.

¶6	On August 2, 2018, Dillon Erickson filed a notice of limited appearance and request to continue the trial on behalf of OTMC for the exclusive purpose of filing the motion to continue at the pretrial conference. At the August 15 conference, Erickson was given until August 17, later extended to August 21, 2018, to inform the court if he intended to be fully retained by OTMC. The court order stated, "If Mr. Erickson is not obtained to represent Defendants, a show cause hearing will be held on Wednesday, August 22, 2018 at 3:00. Defendants will be required to appear telephonically . . . or shall be held in contempt of court." On August 21, 2018, Erickson informed the court he would not be representing OTMC. At the status conference the following day, OTMC did not appear in person or through counsel. The District Court held OTMC in contempt for failure to appear and set another status conference for September 20, 2018. The District Court required OTMC "to appear in person or be represented by counsel who shall appear in person. Failure to comply could result in Defendants being held in contempt of court."

¶7	On August 30, 2018, the Litwin Group moved for sanctions against OTMC in the form of judgment for $375,000, plus prejudgment interest, attorney's fees, and costs. On September 19, 2018, the day before the status conference, Rosemary Christensen of OTMC emailed the Clerk of Court and requested the following email be submitted to the court:

> Further to the Order of August 22, 2018, we have attempted to comply with said Order and obtain suitable representation. We have spoken to several attorneys who would be suitable but are unavailable at this time. We have spoken to two attorneys who seem most suitable but who require rather large fees that we cannot face at this time because our funds that were to be

4

wired from Hong Kong this Monday have not been transmitted due to the disastrous typhoon. Should the Court require it, I am prepared to file a Notice to proceed Pro-Se. I apologize for this inconvenience and pray that the Honorable Judge will exercise forbearance and understanding.

The following day at the September 20 hearing, OTMC was not represented in any capacity.

¶8 On September 24, 2018, the court granted the Litwin Group's request for sanctions, signing an Order and Entry of Default pursuant to M. R. Civ. P. 16(f) and 37(b)(2)(A).[4] On September 26, 2018, the court entered judgment for $375,000, plus prejudgment interest of $128,758.57, in addition to costs and attorney's fees to be later determined.

¶9 On October 24, 2018, OTMC's new attorney, Philip Chiaviello, appeared on OTMC's behalf and filed a Motion to Vacate Default Judgment, requesting relief pursuant to M. R. Civ. P. 55(c), 59(e), and 60(b)(6).[5] On January 9, 2019, the District Court denied OTMC's motion in part, declining to set aside default judgment, including the award of damages and attorney's fees, but invited further briefing on the applicability, amount, and timing of the prejudgment interest awarded. On April 10, 2019, the court removed prejudgment interest from its award and issued an Amended Judgment on May 7, 2019. OTMC appeals the September 2018 entry of default judgment and the January

[4] In the September 24, 2018 order, the court noted that the Litwin Group's motion for sanctions brought to the court's attention, for the first time, that Cummins sued OTMC in May of 2018 and obtained a default judgment. The court further noted that it was not informed that Cummins was withdrawing as OTMC's counsel until his July 27, 2018 motion. The court explained that "Defendants' tactics required the Court to vacate the [September 26, 2018] trial date."

[5] Only in OTMC's reply brief on the motion to set aside default judgment did they argue that the default judgment should be set aside pursuant to M. R. Civ. P. 60(b)(1).

9, 2019 order declining to vacate default judgment.  The Litwin Group cross-appeals the May 2019 order to set aside the inclusion of prejudgment interest in the award.

¶10    We review a district court's decision to impose sanctions for failure to comply with an M. R. Civ. P. 16(b) order for an abuse of discretion and the sanction imposed for an abuse of discretion, noting that the district court is in a better position to consider the circumstances of each case and determine which sanction is the most appropriate. *Watson v. West*, 2009 MT 342, ¶ 17, 353 Mont. 120, 218 P.3d 1227; *Xin Xu v. McLaughlin Research Inst. for Biomedical Sci., Inc.*, 2005 MT 209, ¶ 17, 328 Mont. 232, 119 P.3d 100.  We review a district court's decision to deny a motion to set aside a default judgment for only a slight abuse of discretion.  *Whitefish Credit Union v. Sherman*, 2012 MT 267, ¶ 7, 367 Mont. 103, 289 P.3d 174.  An award of prejudgment interest is a question of law which we review for correctness.  *Am. Music Co. v. Higbee*, 2004 MT 349, ¶ 13, 324 Mont. 348, 103 P.3d 518.

¶11    OTMC argues that the District Court erred in entering the default judgment because the abandonment by its attorney prior to trial created significant hardship for OTMC regarding travel arrangements to Montana and its ability to secure substitute counsel.  We disagree.

¶12    M. R. Civ. P. 16(f), authorizes a district court to award sanctions, on motion or on its own accord, including those authorized by M. R. Civ. P. 37, if a party or its attorney fails to appear at a scheduling or other pretrial conference or fails to obey a scheduling or other pretrial order.  *Stafford v. Fockaert*, 2016 MT 28, ¶ 18, 382 Mont. 178, 366 P.3d 673.  Further, "instead of or in addition to any other sanction, the court must order the

6

party, its attorney, or both to pay reasonable expenses – including attorney fees – incurred because of any noncompliance with the rule, unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust." Mont. R. Civ. P. 16(f)(2); *Serrania v. LPH, Inc.,* 2015 MT 113, ¶ 31, 379 Mont. 17, 347 P.3d 1237. M. R. Civ. P. 37 expressly provides a court with the authority to render a default judgment against the disobedient party. *Stafford*, ¶ 18.

¶13    In a case involving entry of a default judgment as a sanction, sanctions are appropriate where counsel or a party has acted willfully or in bad faith in failing to comply with the rules of discovery, with court orders enforcing the rules, or in flagrant disregard of those rules. *Stokes v. Ford Motor Co.*, 2013 MT 29, ¶ 18, 368 Mont. 365, 300 P.3d 648. The party requesting a default judgment must show prejudice. *Stokes*, ¶ 18.

¶14    Here, undermining its theory that default judgment stemmed solely from its counsel's unexpected abandonment prior to trial, OTMC had affirmative knowledge of Cummins's potential withdrawal from representation long before July 2018. OTMC signed a consent form for Cummins to withdraw if he was not paid in full back in May 2017. Nonetheless, Cummins continued to actively represent OTMC in the litigation until July 27, 2018, even after suing OTMC in May 2018. Throughout this, OTMC and Cummins did not disclose to the court or the Litwin Group of Cummins's potential withdrawal before the February 2018 status conference when the case was set for trial, or at any time thereafter. OTMC's attempt to castigate the District Court for unnecessarily punishing OTMC based on Cummins's "unexpected" withdrawal is without merit.

¶15    OTMC's argument that they could not travel to the September 2018 hearing because of the limited time to obtain a passport or make travel arrangements also rings hollow.  The court originally set a trial date for September 2018 over six months earlier in February 2018.  OTMC was already on notice that they would need to travel to Montana during that time; any steps to obtain a passport should have already occurred.  By the time of the August 15, 2018 status conference, OTMC was fully aware that the court intended to have its trial in September.  Even so, OTMC still did not attempt to secure travel arrangements.

¶16    OTMC further exhibited a pattern of behavior throughout the litigation reflecting a willing disregard to adhere to deadlines and requirements imposed by the District Court.  Indeed, as the court noted in its September 24, 2018 order, OTMC made a habit of being an "empty chair" in the litigation.  OTMC incurred monetary sanctions for failing to comply with scheduled depositions.  OTMC also failed to appear independently or through counsel at either the August 22, 2018 status conference or the September 20, 2018 show cause hearing.  OTMC received notice of both dates, with the understanding that it would be held in contempt of court if it failed to appear.  Collectively, OTMC displayed persistent indifference to orders of the trial court.  The sanction entering the default judgment and awarding attorney's fees to the Litwin Group was proportional to OTMC's repeated absences and failure to comply with court orders.  Without the default judgment, the Litwin Group would be subject to prejudice stemming from protracted litigation such that OTMC could continue to avoid accountability for damages owed to

8

the Litwin Group for breach of contract. The court did not abuse its discretion in issuing a default sanction against OTMC.

¶17 OTMC also argues that the District Court abused its discretion when it did not vacate the default judgment because OTMC met its M. R. Civ. P. 60(b)(1) and 60(b)(6) burdens. M. R. Civ. P. 60(b) provides that a "court may relieve a party . . . from a final judgment, order, or proceeding for . . . (1) mistake, inadvertence, surprise, or excusable neglect . . . or (6) any other reason justifying relief from the operation of judgment." *Hoff v. Lake Cnty. Abstract & Title Co.*, 2011 MT 118, ¶ 32, 360 Mont. 461, 255 P.3d 137. In order for a default judgment to be set aside under M. R. Civ. P. 60(b)(1), a movant has the burden to demonstrate that (1) they proceeded with diligence; (2) excusable neglect; (3) that the judgment would affect the defendant injuriously; and (4) a meritorious defense. *Bartell v. Zabawa*, 2009 MT 204, ¶ 14, 351 Mont. 211, 214 P.3d 735. In order to prevail on a motion to set aside a default judgment under M. R. Civ. P. 60(b)(6), the moving party must first show that none of the other five reasons provided in Rule 60(b)(1)-(5) apply and must also demonstrate extraordinary circumstances justifying relief. *Wittich Law Firm, P.C. v. O'Connell*, 2013 MT 122, ¶ 20, 370 Mont. 103, 304 P.3d 375.

¶18 The general rule in Montana is that neglect of an attorney is attributable to the client and insufficient by itself to set aside a default judgment. *Lords v. Newman*, 212 Mont. 359, 367, 688 P.2d 290, 295 (1984). Only when a party can show "total abandonment" by its attorney, as opposed to mere carelessness or ignorance of the law on

the part of the litigant or his attorney, will a moving party meet its burden to establish excusable neglect. *See Whitefish Credit Union*, ¶ 20.

¶19 OTMC only passively asserts that it met its Rule 60(b)(1) burden to set aside default judgment while failing to develop its argument that excusable neglect was present. OTMC cannot demonstrate that Cummins's withdrawal constituted excusable neglect given that OTMC knew of Cummins's concerns regarding fees and knew that he intended to resign as counsel if he was not paid. Further, because OTMC argues that Rule 60(b)(1) applies, Rule 60(b)(6) is not available for application. The District Court did not abuse its discretion in denying OTMC's motion to vacate default judgment.

¶20 The Litwin Group cross-appeals the District Court's decision to vacate its original award of prejudgment interest. When a prevailing plaintiff's amount of recovery is capable of being made certain by calculation, that plaintiff is statutorily entitled to prejudgment interest under § 27-1-211, MCA. *Kalispell Aircraft Co., LLC v. Patterson*, 2019 MT 142, ¶ 32, 396 Mont. 182, 443 P.3d 1100 (citations omitted). Three requirements must be met under § 27-1-211, MCA: (1) an underlying monetary obligation must exist; (2) the amount of recovery must be capable of being made certain; and (3) the right to recover must vest on a particular day. *Mont. Petroleum Tank Release Comp. Bd. v. Crumleys, Inc.*, 2008 MT 2, ¶ 99, 341 Mont. 33, 174 P.3d 948. An award of prejudgment interest is inappropriate when the damages at issue are uncertain or disputed. *Kalispell Aircraft Co.*, ¶ 32; *see also Northern Mont. Hosp. v. Knight*, 248 Mont. 310, 321, 811 P.2d 1276, 1282 (1991) (holding that prejudgment interest is

inappropriate when the amount is not conclusively determinative until the date the jury returns a verdict).

¶21 In its April 10, 2019 Order on Award of Prejudgment Interest, the District Court held that the second element requiring the amount of recovery is certain was not met because damages were not ascertainable. We agree.

¶22 The Litwin Group relies on *Stafford* in arguing that prejudgment interest in this case is capable of being made certain. In *Stafford*, we held that Stafford's damages were readily ascertainable prior to entry of default judgment because there was no factual dispute regarding the amount Stafford initially paid Fockaert to invest on her behalf. *Stafford*, ¶ 27. Like the District Court, we find that *Stafford* is distinguishable from the facts here. At the time the Litwin Group purchased the stock shares from OTMC, they received what they paid for. Only later did the Litwin Group raise issues as to the transaction. Assuming the case went to trial, a factual dispute would exist as to whether the stocks were truly worthless at the time of purchase given the Cease Trade Agreement or whether they retained some value. *See Northern Montana Hosp.* 248 Mont. at 321, 811 P.2d at 1282. The District Court did not err when it declined to award the Litwin Group prejudgment interest.

¶23 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review.

¶24 Affirmed.

11

/S/ MIKE McGRATH

We Concur:

/S/ JIM RICE
/S/ JAMES JEREMIAH SHEA
/S/ INGRID GUSTAFSON
/S/ DIRK M. SANDEFUR